## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-01219-COA

NORMAN FERGUSON                                              APPELLANT

v.

MISSISSIPPI FARM BUREAU CASUALTY                            APPELLEE
INSURANCE COMPANY

DATE OF JUDGMENT:            04/04/2013
TRIAL JUDGE:                HON. LAWRENCE PAUL BOURGEOIS JR.
COURT FROM WHICH APPEALED:  HANCOCK COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:     MARY SCHILLESCI MCPHERSON
ATTORNEYS FOR APPELLEE:     PATRICK H. ZACHARY
                            MATTHEW D. SHOEMAKER
NATURE OF THE CASE:         CIVIL - INSURANCE
TRIAL COURT DISPOSITION:    SUMMARY JUDGMENT GRANTED IN
                            FAVOR OF APPELLEE
DISPOSITION:                AFFIRMED - 09/09/2014
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE LEE, C.J., BARNES AND FAIR, JJ.

### BARNES, J., FOR THE COURT:

¶1.     Norman Ferguson sued Mississippi Farm Bureau Casualty Insurance Company (Farm

Bureau) for breach of contract and bad-faith refusal to pay his claim.  The suit stemmed from

an accident where Ferguson received a serious spinal injury while working on a farm owned

by Robert Wilson in Hancock County, Mississippi.  Wilson was insured by Farm Bureau

under a general liability policy with a limit of $50,000 for an employer's liability.

¶2.     The Circuit Court of Hancock County granted Farm Bureau's motion for summary

judgment because there was no genuine issue of material fact about Ferguson's complaint

being time-barred; the court found the three-year statute of limitations commenced on the date of the injury and had expired. Finding no error, we affirm.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶3. On January 21, 2008, Ferguson was working on Wilson's farm, roping calves from a four-wheeler in order to tag them, when the four-wheeler tipped over. As a result, Ferguson suffered a severe spinal-cord injury and was initially paralyzed from the neck down. He was in a wheelchair for approximately fifteen months after the accident, leaving him permanently disabled and unable to work.

¶4. Wilson was insured by Farm Bureau under a general liability policy with limits of $10,000 for farm employees' medical payments and $50,000 for farm employer's liability. It is undisputed the policy was in effect at the time of the accident. Ferguson made a claim on the insurance policy based on his injuries. Farm Bureau paid $10,000 for Ferguson's medical bills, and offered to pay Ferguson the $50,000 limit of liability. Ferguson claims he accepted the offer but Farm Bureau has since refused to pay him, while Farm Bureau claims Ferguson refused to accept the offer.

¶5. On March 26, 2008, Farm Bureau claims representative James Corley wrote a letter to Ferguson to follow up on a meeting they had at Ferguson's home. Corley offered the limit of Wilson's policy ($50,000), and $10,000 for the medical-payments coverage. Corley also explained that "due to the nature of [his] bill from Memorial Hospital," where Ferguson was treated, Ferguson should obtain "a medical waiver from [the hospital] stating they will waive their medical lien so we can move forward in settling this case." There is no indication in

2

the record Ferguson accepted the offer at this time. On July 9, 2008, MedPay Assurance, which coordinated benefits for the hospital, sent a letter to Corley, informing him that Ferguson had assigned benefits to the hospital, and MedPay had asserted a lien on any payments made on this claim.

¶6.     In October or November 2009, Ferguson claimed he went to Farm Bureau to pick up the check for $50,000, and Corley informed him the benefits had to be signed over to the hospital due to the medical lien. Ferguson wanted the money to be given to him personally; so he refused to sign the check over to the hospital.

¶7.     On April 8, 2010, attorney Mary McPherson advised Farm Bureau that she was representing Ferguson on his claim. She also asked for documents relating "to any assignments of benefits to any providers." On April 13, 2010, Farm Bureau informed McPherson that it had indicated to Ferguson, in writing and verbally, that it "would extend the limits of liability on this policy for settlement which is $50,000." On July 25, 2010, Ferguson filed for Chapter 7 bankruptcy because he owed approximately $256,547 in medical bills. Ferguson listed his claim on Wilson's insurance policy as an asset. In November 2010, Ferguson was granted a bankruptcy discharge.

¶8.     On September 29, 2011, Ferguson's counsel sent Farm Bureau a letter stating that the medical lien should only apply to the "medical expense limit" of the policy, and not the $50,000. She demanded payment of the $50,000 directly to Ferguson. Farm Bureau claimed this letter was the first time that Ferguson had contacted it about the claim since Ferguson's bankruptcy discharge. On October 11, 2011, Farm Bureau replied by letter to Ferguson that

3

the statute of limitations had expired on January 21, 2011, or three years after the date of the injury. Farm Bureau also stated that it had made numerous attempts to reach a settlement with Ferguson, but "there [was] no indication in [its] file that the offer was accepted." Another letter by Farm Bureau in December 2011 indicated that Ferguson's counsel had not responded to its previous letter and it was closing the file.

¶9. In October 2012, Ferguson filed a complaint against Farm Bureau in Hancock County Circuit Court for "breach of contractual duty to pay insurance proceeds and bad faith refusal to pay" the claim. Farm Bureau filed a motion to dismiss or, alternatively, for summary judgment, arguing that the complaint was time-barred under the applicable three-year statute of limitations. Farm Bureau also argued that the complaint violated the prohibition of direct actions against insurers without privity of contract. Ferguson filed a response, asserting that the complaint did not allege a breach of Farm Bureau's liability-insurance policy with Wilson, but a breach of contract between Ferguson, individually, and Farm Bureau. Farm Bureau filed a reply, attaching certain correspondence as exhibits that it argued demonstrated no independent contract was ever created between it and Ferguson.

¶10. The trial court granted summary judgment in favor of Farm Bureau, holding that any cause of action accrued on January 21, 2008, the date Ferguson was injured, and expired on January 21, 2011; thus, his complaint, filed on October 1, 2012, was time-barred. Ferguson timely filed a motion for a new trial, amendment of the judgment, or relief from the judgment under Mississippi Rules of Civil Procedure 59 and 60, arguing the complaint was not time-barred. Farm Bureau responded to the motion stating Ferguson's motion was filed under

4

Rule 59 and relief was inappropriate. After a hearing, the trial court treated the motion as one under Rule 59. The trial court denied the motion, finding no proof existed showing a contract between Ferguson and Farm Bureau was breached on or after October 1, 2009; thus, the complaint was time-barred.

**STANDARD OF REVIEW**

¶11. A trial court's denial of a motion for reconsideration under Rule 59 is reviewed for an abuse of discretion. *City of Jackson v. Internal Engine Parts Grp. Inc.*, 903 So. 2d 60, 66 (¶19) (Miss. 2005). However, "[a]n appeal from a denial of a Rule 59 motion may address the merits of the entire underlying proceeding . . . ." *Perkins v. Perkins*, 787 So. 2d 1256, 1261 (¶9) (Miss. 2001). Statute-of-limitations issues are reviewed de novo. *Lincoln Elec. Co. v. McLemore*, 54 So. 3d 833, 835 (¶10) (Miss. 2010).

¶12. The standard of review for a trial court's grant or denial of summary judgment is de novo as well. *Gorton v. Rance*, 52 So. 3d 351, 354 (¶6) (Miss. 2011). Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). "The burden rests on the moving party." *Gorton*, 52 So. 3d at 354 (¶6). "Once the absence of genuine material issues has been shown, the burden of rebuttal falls upon the nonmoving party," who "must produce specific facts showing that there is a genuine material issue for trial." *Id.* at 355 (¶7). The evidence will be viewed "in the light most favorable to the nonmoving party." *Id.* at 354-55 (¶6).

**ANALYSIS**

¶13.     Ferguson claims the trial court erred in holding the statute of limitations accrued on the date Ferguson was injured, January 21, 2008.   Instead, he argues that the statute of limitations accrued from the date that Farm Bureau allegedly "first breached" its agreement with him by refusing to pay him $50,000 in October or November 2009.[1]   Around that time, Ferguson went to Farm Bureau to obtain the $50,000 check, but he claims Corley told him the check would not be given to him; he had to sign it over to the hospital.   Ferguson argues the three-year statute of limitations did not expire until October or November 2012, and his complaint, filed October 1, 2012, was timely.   We disagree.

¶14.     Because Ferguson's complaint did not state a claim with a specifically prescribed statute of limitations, the parties are correct that Mississippi Code Annotated section 15-1-49(1) (Rev. 2012) applies.   It provides:   "All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after."   The Mississippi Supreme Court "has held that a cause of action *accrues* 'when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested.'"   *Weathers v. Metro. Life Ins. Co.*, 14 So. 3d 688, 692 (¶14) (Miss. 2009) (quoting *Bullard v. Guardian Life Ins. Co. of Am.*, 941 So. 2d 812, 815 (¶11) (Miss. 2006)).   "In other words, the statute of limitations 'begins to run when all the elements of a tort, or cause of action, are present.'"   *Id.* (quoting *Caves v. Yarbrough*, 991 So. 2d 142, 147 (¶22)

---

[1]  Ferguson cannot provide a definitive date that the alleged breach occurred.

6

(Miss. 2008)).

¶15.   The trial court held that the cause of action is based upon injuries Ferguson sustained on January 21, 2008, and thus any cause of action accrued on that day. We agree. Any claim Ferguson had to recover for his injury on Wilson's farm accrued on January 21, 2008; therefore, Ferguson's complaint, filed on October 1, 2012, was time-barred under the applicable statute of limitations. Furthermore, Farm Bureau makes the argument that Ferguson's complaint constitutes an impermissible direct action by a third party against an insurer. Under Mississippi law, direct actions against insurance companies by third parties are allowed "for the purpose of seeking declaratory judgment on the question of coverage." *Miss. Mun. Liab. Plan v. Jordan*, 863 So. 2d 934, 942 (¶19) (Miss. 2003) (quoting *Jackson v. Daley*, 739 So. 2d 1031, 1038 (¶23) (Miss. 1999)). Here, Ferguson was not an insured of Farm Bureau, but a third party to the policy issued to Wilson. There was no enforceable judgment against Wilson at the time Ferguson's complaint was filed, nor did the complaint seek declaratory relief.

¶16.   Even if Ferguson's complaint was not based on his injuries, but breach of contract, as Ferguson argues, there was no written or oral contract formed between Ferguson and Farm Bureau that could have been breached on or after October or November 2009. A basic principle of contract law is that "a contract is not formed between the parties absent the essential elements of offer, acceptance, and consideration." *Whiting v. Univ. of So. Miss.*, 62 So. 3d 907, 915 (¶14) (Miss. 2011). We agree that Farm Bureau offered to settle Ferguson's claims against Wilson for $50,000, confirmed by letter on March 26, 2008, and

7

then again on April 13, 2010.[2]  There is no evidence that Ferguson ever accepted Farm Bureau's offer, as he claims, in June or July 2008.  All of Farm Bureau's offers to settle had provided that Ferguson had to obtain a waiver of the medical lien from the hospital, but to the contrary, Ferguson assigned benefits to the hospital.  Accordingly, he could not accept Farm Bureau's offer without obtaining a waiver of the lien, and later, a reassignment of benefits.  Ferguson rejected Farm Bureau's offer of settlement when he refused to sign the check in October or November 2009.  Because Ferguson refused to accept Farm Bureau's settlement offer, no contract was formed between Ferguson and Farm Bureau.  *See Heritage Bldg. Prop. LLC v. Prime Income Asset Mgmt. Inc.*, 43 So. 3d 1138, 1143 (¶10) (Miss. Ct. App. 2009) ("[A] contract is not formed until the offeree accepts the terms stated by the offeror." (quoting *Vice v. Hinton*, 811 So. 2d 335, 338 (¶12) (Miss. Ct. App. 2001))).  Moreover, after his refusal of the offer, Ferguson waited until September 29, 2011, to write a letter to Farm Bureau making a formal demand for payment of the $50,000.  Farm Bureau claims this was the first time Ferguson had contacted it about the $50,000 since his bankruptcy proceedings closed nearly ten months earlier in November 2010.  Farm Bureau noted in its October 11, 2011 letter to Ferguson's counsel that there was "an indication in November 2010 that the Bankruptcy Court would decide whether the offer could be accepted and if so where the proceeds would have to go," but Farm Bureau never received a response

---

[2]  Farm Bureau claims it offered to pay $50,000 under the farm employer's liability coverage of Wilson's insurance policy to Ferguson and known lienholders in exchange for the execution of a valid release whereby Ferguson waived any right to bring an action against Wilson.

about the outstanding offer. Farm Bureau stated that after reviewing the bankruptcy order, it appeared that MedPay Assurance's lien was discharged, but again, Ferguson made no attempt to secure or accept the offered proceeds. By the time Ferguson's complaint was filed, the three-year statute of limitations on his claim against Wilson had run.

¶17.    Ferguson never argued that the September 2011 demand letter was an attempt to accept Farm Bureau's offer. Even if Ferguson had made this argument, however, it would not have been successful due to lack of consideration to form a valid contract. It has been long established that "[a] benefit to the promisor or detriment to the promisee is sufficient consideration for a contract. This may consist either in some interest, right, profit or benefit accruing to the one party, or some forbearance, detriment, loss or responsibility given, suffered or undertaken by the other." *Lowndes Coop. Ass'n v. Lipsey*, 240 Miss. 71, 76, 126 So. 2d 276, 278 (1961) (citations omitted). "Where no consideration exists, and is required, the lack of consideration results in no contract being formed . . . ." 3 *Williston on Contracts* § 7:11 (4th ed. 2013). Ferguson had nothing to offer, such as relinquishing the right to sue the insured, in exchange for the policy proceeds, because his right to sue Wilson had expired. Also, Farm Bureau would have obtained no benefit, because Ferguson could no longer sue the insured. There could have thus been no consideration, and no contract formed.

¶18.    In conclusion, there was no genuine issue of material fact that Ferguson's complaint was time-barred. Accordingly, we affirm the trial court's grant of summary judgment for Farm Bureau.

¶19.    **THE JUDGMENT OF THE CIRCUIT COURT OF HANCOCK COUNTY IS**

9

**AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**