# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-01200-COA

HARVEY HALEY                                                    APPELLANT

v.

ANNA JURGENSON, AGELESS REMEDIES                                APPELLEES
FRANCHISING, LLC, AGELESS REMEDIES
MEDICAL SKINCARE AND APOTHECARY
AND DR. GEORGE E. ABRAHAM, III

DATE OF JUDGMENT:             06/13/2013
TRIAL JUDGE:                  HON. JOHN HUEY EMFINGER
COURT FROM WHICH APPEALED:    RANKIN COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:      JENNIE AUSTIN EICHILBERGER
                              ASHLEY LEKESHA HENDRICKS
                              DARRYL MOSES GIBBS
ATTORNEYS FOR APPELLEES:      CHRIS J. WALKER
                              M. GARNER BERRY
NATURE OF THE CASE:           CIVIL - PERSONAL INJURY
TRIAL COURT DISPOSITION:      GRANTED APPELLEES' MOTION FOR
                              SUMMARY JUDGMENT
DISPOSITION:                  AFFIRMED: 01/13/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE GRIFFIS, P.J., BARNES AND ISHEE, JJ.

### GRIFFIS, P.J., FOR THE COURT:

¶1.     In this medical-negligence case, Harvey Haley alleged that he sustained injuries after

Anna Jurgenson negligently performed a medical procedure on Haley with a laser device.

The circuit court determined that Haley had failed to establish that a genuine issue of material

fact existed as to the causation element of his claim and granted summary judgment. We find

no error and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. Haley alleges that, on December 17, 2008, he went to Ageless Remedies Medical Skincare and Apothecary in Flowood, Mississippi, to drop off business cards for his hair-cutting business. When he arrived, he spoke to Anna Jurgenson, an aesthetician. Haley and Jurgenson had previously worked together at Trio Spa and Salon. Haley alleges that Jurgenson offered to perform a medical procedure using a photofacial laser device to remove pimples from his face. Haley further alleged that after the medical procedure, his face was severely burned, leaving scars on his cheek and nose.

¶3. On October 26, 2010, Haley filed his complaint against Anna Jurgenson, Ageless Remedies Franchising, LLC, Ageless Remedies Medical Skincare and Apothecary, and Dr. George E. Abraham III. The complaint alleged claims of medical negligence, negligent training and supervision, and negligent infliction of emotional distress. The claims arose out of the alleged injuries he suffered from the professional medical services he received from Jurgenson and Ageless Remedies. The defendants filed their responsive pleadings and denied the averments in the complaint, and discovery ensued.

¶4. On January 16, 2013, the defendants filed a motion for summary judgment. The motion included an itemization of material facts relied upon and not genuinely disputed, which not only included deposition testimony from the defendants that established that neither Jurgenson nor anyone at Ageless Remedies performed the medical procedure on Haley, but deposition testimony from Haley himself that established that neither Jurgenson nor anyone at Ageless Remedies performed the medical procedure on him. Haley testified in his deposition that he initially told Dr. George Abraham at Ageless Remedies that Dr.

Donald Faucett of Trio Spa and Salon, his designated physician expert, actually performed the medical procedure. The defendants also presented evidence that Haley stated to his attending physician, Dr. Sam Fillingane, that Dr. Faucett performed the photofacial laser procedure on him. Haley did not provide a sworn affidavit from Dr. Faucett, as part of his response to the motion for summary judgment, that established the standard of care and that the defendants' breach of that standard of care was the proximate cause of Haley's injuries.

¶5. On May 20, 2013, the circuit court heard arguments on the motion for summary judgment. On June 14, 2013, the circuit court entered an order that granted the motion. Specifically, the circuit court ruled "[t]he prime reason for granting the motion for summary judgment is I find that even at this point the Plaintiff has not provided a – a medical malpractice case, and has not provided an expert doctor's opinion as to causation here." It is from this judgment that Haley now appeals.

## DISCUSSION

### I.    Standard of Review

¶6. The grant of a motion for summary judgment is reviewed de novo. *Karpinsky v. Am. Nat'l Ins. Co.*, 109 So. 3d 84, 88 (¶9) (Miss. 2013). We view the evidence "in the light most favorable to the party against whom the motion has been made." *Id.* The supreme court has held:

> Summary judgment is appropriate and shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law. Importantly, the party opposing summary judgment may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in [Mississippi Rule of Civil Procedure 56], must set

3

forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, will be entered against him.

This Court has explained that in a summary judgment hearing, the burden of producing evidence in support of, or in opposition to, the motion is a function of Mississippi rules regarding the burden of proof at trial on the issues in question. The movant bears the burden of persuading the trial judge that: (1) no genuine issue of material fact exists, and (2) on the basis of the facts established, he is entitled to [a] judgment as a matter of law. The movant bears the burden of production if, at trial, he would bear the burden of proof on the issue raised. In other words, the movant only bears the burden of production where [the movant] would bear the burden of proof at trial. Furthermore, summary judgment is appropriate when the non-moving party has failed to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial.

*Id.* at 88-89 (¶¶10-11) (internal quotation marks and citations omitted).

¶7. The *Karpinsky* court succinctly clarified this standard in a manner in which we can relate to the parties here:

[W]hile [the defendants] carr[y] the initial burden of persuading the trial judge that no issue of material fact exists and that they are entitled to summary judgment based upon the established facts, [Haley] carries the burden of producing sufficient evidence of the essential elements of [his] claim at the summary-judgment stage, as [he] would carry the burden of production at trial. Conversely, because [the defendants] do not carry any burden of production at trial, they also do not carry any burden of production at the summary-judgment stage.

*Id.* at 89 (¶13). In this appeal, we consider whether Haley produced sufficient evidence of the essential elements of his medical-negligence claim.

## II. Causation

¶8. Haley argues that the circuit court erred when it granted summary judgment in this matter due to Haley's inconsistent statement in regard to who actually performed the medical procedure in question. He also argues that his remaining claims were improperly dismissed

4

even if summary judgment was proper in his medical-negligence claim.

¶9. The circuit court's order, however, held:

> The Court finds and holds that the Defendants have met the burden required of them under the standard for summary judgment and that Defendants' Motion for Summary Judgment should be granted.
>
> This action is a negligence action, medical malpractice negligence action, and negligent infliction of emotional distress action brought by Plaintiff against Defendants. The Court finds that Plaintiff has failed at this point during the litigation to support his medical negligence action with expert medical testimony on causation. While [P]laintiff argued and asserted that there is no current trial setting and he could have an opportunity to supplement at a later time, the law pertaining to a motion for summary judgment requires Plaintiff to produce sworn testimony from an expert as to the breach of the standard of care, which has not been done here. *See Posey v. Barrow*, 93 So. 3d 905 (Miss. Ct. App. 2012).
>
> Finally, at this point in the litigation, the evidence and proof as outlined in the motions and pleadings before this Court [are] insufficient for Plaintiff to withstand and overcome the granting of summary judgment as Plaintiff has failed to come forward with sufficient credible evidence upon which a fair-minded juror could find in Plaintiff's favor to support each element of his claim.

¶10. Despite Haley's claim that the grant of summary judgment was based solely on his inconsistent statements and his failure to address the issue of causation in his brief, it is clear that the circuit court based the grant of summary judgment on Haley's failure to substantiate the causation element of his medical-malpractice claim with expert medical testimony. We agree with the circuit court and find that this issue is dispositive of this case.

¶11. This Court has held that in a medical-malpractice claim, "expert testimony must be used." *Posey v. Barrow*, 93 So. 3d 905, 907 (¶8) (Miss. Ct. App. 2012) (quoting *Barner v. Gorman*, 605 So. 2d 805, 809 (Miss. 1992)). Further, "[n]ot only must this expert identify and articulate the requisite standard that was not complied with, the expert must also

5

establish that the failure was the proximate cause, or proximate contributing cause, of the alleged injuries." *Id.* (citation omitted). This Court has further held that "[u]nless the matter is within the common knowledge of laypersons, to establish a prima facie case of medical negligence against a physician, a plaintiff must present competent expert testimony as to the applicable standard of care, breach, and proximate causation." *Langley ex rel. Langley v. Miles*, 956 So. 2d 970, 976 (¶17) (Miss. Ct. App. 2006) (citing *Phillips ex rel. Phillips v. Hull*, 516 So. 2d 488, 491 (Miss. 1987) (overruled on other grounds)). In *Langley*, this Court found that the circuit court did not err in granting summary judgment because no sworn medical evidence was produced, and "a sworn affidavit of an expert witness attesting to the standard of care and that the defendants' treatment of Langley[, the plaintiff,] breached the standard of care" was required. *Id.*

¶12.     Here, we find that Haley failed to create a genuine issue of material fact as to the causation element of his medical-malpractice claim. It is clear from the record that Dr. Faucett, Haley's designated physician expert, provided opinions that did not articulate the requisite standard of care that was allegedly breached, nor did his opinions establish that any breach of that standard of care by the defendants proximately caused Haley's injuries. Dr. Faucett did not even provide a sworn affidavit, as part of the response to the summary-judgment motion, that established the requisite standard of care and that the defendants' breach of that standard was the proximate cause of Haley's injuries. He was listed in the answer to the defendants' interrogatories as an expert. However, he is not listed under the interrogatory that identified who would be designated to testify as to the breach of the standard of care. The evidence that Haley submitted alone is insufficient to establish a prima

6

facie case of medical malpractice; therefore, Haley failed to dispute the defendants' claims in their affidavit and failed to show a genuine issue of material fact as to the proximate cause. Therefore, we find that this issue has no merit.

¶13.    Because we find that the failure of Haley to create a genuine issue of a material fact as to the elements of his medical-malpractice claim is dispositive of this case, we forgo consideration of the issue of Haley's contradictory statements as to who performed the medical procedure.  We affirm the judgment of the circuit court.

¶14.    **THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY IS AFFIRMED.    ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR.    JAMES, J., CONCURS IN PART WITHOUT SEPARATE OPINION.**