# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01168-COA

**VISHNU S. SONI, HARJINDER K. SONI AND SWAMY LLC**  **APPELLANTS**

**v.**

**JEETPAL S. DHALIWAL, KANWARJIT SINGH AND ANIL PATEL**  **APPELLEES**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/24/2015 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | MACY DERALD HANSON |
| ATTORNEYS FOR APPELLEES: | GENE D. BERRY |
| | MICHAEL MACINNIS |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| TRIAL COURT DISPOSITION: | GRANTED MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS |
| DISPOSITION: | AFFIRMED - 10/25/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., JAMES AND WILSON, JJ.**

**JAMES, J., FOR THE COURT:**

¶1.     This appeal arises from a civil suit filed by Vishnu Soni against Anil Patel, Jeetpal Dhaliwal, and Kanwarjit Singh.  Soni appeals from the Circuit Court of Madison County's (1) grant of summary judgment as to Dhaliwal and Singh, (2) denial of the motion to reconsider the grant of summary judgment, and (3) grant of Patel's motion to dismiss for failure to state a claim.  Finding no error, we affirm.

## STATEMENT OF FACTS

¶2.     On May 10, 2012, Soni met Patel. Soni told Patel that he was interested in buying a

local convenience store. Patel knew that Dhaliwal was interested in selling a store that he owned at 1428 West Peace Street, Canton, Mississippi (the "Store"). Accordingly, Patel called Dhaliwal and arranged a meeting between Dhaliwal and Soni at the Store. At the time, Soni owned a convenience store in Nashville, Tennessee.

¶3.     Patel introduced Soni to Dhaliwal, describing Dhaliwal as "a good guy" who "never lie[s]." Further, Patel allegedly mentioned that "business is good." At the meeting, Dhaliwal showed Soni a paper that allegedly represented the daily sales figures for one year at the Store. Soni never received a copy of this paper but claimed to have relied on the information contained in the paper in future negotiations with Dhaliwal. Soni also alleged that Dhaliwal told him that the Store was valued at $1,300,000—a figure Soni stated that he relied on due to the fact that Dhaliwal was "a good guy" who "never lie[s]."

¶4.     Over the next few months, Soni made several trips to Mississippi, continuing the negotiations to buy the Store. Presumably, some of these negotiations involved Singh, who was a partial owner of the Store. On October 27, 2012, Soni, Dhaliwal, and Singh signed a sale agreement that purported to sell the Store for $1,160,000. Soni gave a $115,000 deposit. The sale agreement provided for the "rest balance down payment [sic]" of $75,000 to be due before closing on November 18, 2012. The sale agreement also contained the note: "INVENTORY NOT INCLUDED." While the sale agreement was not notarized, Patel witnessed and signed the sale agreement.

¶5.     According to Soni, he acted in reliance on the sale agreement and sold his Tennessee store. On November 9, 2012, Soni and Dhaliwal entered into a "Memorandum of

2

Understanding Regarding Intention to Lease Real Estate," which provided for a five-year lease of the Store at $6,600 per month due to Dhaliwal. The memorandum to lease also provided for an optional three-year renewal of the term at $6,800 per month and stated that "[a]ny and all prior contracts or agreements between the parties are terminated." Dhaliwal and Soni[1] signed the memorandum to lease.

¶6. After signing the memorandum to lease, Soni alleged that he casually mentioned the $1,300,000 valuation of the Store to a real-estate agent. The unnamed agent told Soni that the valuation was incorrect. Soni then procured an approximate verbal valuation of the Store as between $700,000 and $850,000 from an unnamed source.

¶7. The next day, November 15, 2012, Soni met with Patel and Dhaliwal and demanded that they refund his deposit on the sale agreement. Patel and Dhaliwal informed him that the deposit could not be refunded as it had already been spent. Soni alleges that Patel told Soni that he could buy the Store for $1,160,000 or lease the Store instead. At the end of this discussion, Soni signed two documents: (1) a lease (the "2012 lease") and (2) a bill of sale.

¶8. The 2012 lease provided for a sixty-month term with an optional renewal clause exercisable by the lessee. Additionally, the 2012 lease had a detailed "[d]efault" clause that provided that, upon default, the lessor could "enter into said premises, and again have and repossess the same as if this Lease had not been made." Soni, Dhaliwal, and Singh all signed

---

[1] Soni signed the document individually and as president of Swamy LLC. Swamy LLC was Soni's limited-liability company. Unless otherwise noted, future references to "Soni" are to both Soni individually and as president of Swamy LLC. Also, Harjinder Soni, Vishnu Soni's wife, is a party to this appeal but is not alleged to have signed any documents or been involved in the negotiations.

the 2012 lease before a notary.

¶9. The bill of sale stated that Dhaliwal and Singh sold personal property such as "inventory, goods, wares, and merchandise" for $160,000. Dhaliwal and Singh signed the notarized bill of sale. Soni paid $45,000 and was credited the $115,000 from his deposit on the earlier sale agreement. Swamy LLC received a receipt for $160,000 from Dhaliwal for "inventory, merchandise fuel, 1428 W. Peace Canton."

¶10. Soni alleges that the 2012 lease was represented to be for a five-year period, with another five-year renewal option. Soni further claimed that he believed, and was led to believe, that the 2012 lease and the bill of sale were owner-financing arrangements in which he was obtaining an ownership interest in the Store.

¶11. After signing the 2012 lease, Soni gave Patel and Dhaliwal an additional $36,000 for inventory. Dhaliwal, Patel, and Soni signed a receipt that confirmed Dhaliwal received $36,000. Soni then took possession of the Store.

¶12. On June 26, 2013, Soni, Dhaliwal, and Singh signed a notarized agreement that resolved an inventory dispute at the Store. The agreement stated:

> Mr. Vishnu S. Soni have [sic] no legal claims against Mr. Jeetpal S. Dhaliwal [and] Mr. Kanwarjit Singh on term of lease [and] Mr. Vishnu S. Soni agree on all terms [and] conditions of lease as further on [sic]. Till end of lease Mr. Vishnu Soni agree [sic] to leave equipment [and] display in good working condition end of lease [sic]. Previous bill of sale is no [sic] null and void[.] [A]ll equipment is leased only.

¶13. On July 17, 2013, Dhaliwal filed for eviction in the Justice Court of Madison County against Swamy LLC. According to the justice-court complaint, Soni owed $11,800 in overdue rent for May, June, and July. The justice court entered an order of eviction, and Soni

4

appealed the judgment to the Circuit Court of Madison County on August 22, 2013.

¶14. On August 27, 2013, Soni was removed from the Store, pursuant to the justice-court order. On the same day, according to Soni, Patel called Soni and arranged a meeting between Dhaliwal and Soni to discuss returning possession of the Store to Soni. When Soni agreed to Dhaliwal's conditions, Dhaliwal gave him the key to the Store.

¶15. The next day, according to Soni, Patel and Dhaliwal came to the store to have him sign a notarized agreement letter. Soni agreed to withdraw "any and all legal claims against" Dhaliwal and Singh. The agreement further provided that Soni signed with full consent of his attorney and "under no pressure."

¶16. Later in October 2013, Soni was presented with an additional release and indemnity agreement. The release described the history of the dispute between Dhaliwal, Singh, and Soni and provided that Soni released Dhaliwal "from any further payment, damages, claims, obligations or warranties regarding or relating to the Store." Soni signed the release before a notary on October 7, 2013. Dhaliwal also signed the release.[2] On the same day, Soni signed an acknowledgment that formally increased the monthly rent due for the Store to $7,700 per month.

¶17. On November 21, 2013, Dhaliwal sent Soni a notice that he was terminating the month-to-month tenancy. Soni alleges that Dhaliwal told him that he could continue to operate the Store if he would pay Dhaliwal's attorney's fees. Soni claims that he agreed to pay the $5,800 in fees. On December 19, 2013, Soni entered into a new lease with Dhaliwal

---

[2] According to the appellee's brief, Singh conveyed his interest in the Store to Dhaliwal in September 2013.

5

for a sixty-month term. According to Dhaliwal, Soni made rent payments through May 2014 but has not paid rent after May 2014.

## PROCEDURAL HISTORY

### I. Madison County Chancery Court

¶18. Soni filed suit in the Chancery Court of Madison County, Mississippi, on May 1, 2014. The complaint named, among others, Dhaliwal, Singh, and Patel. Soni pled ten counts against the defendants and sought $750,000 in damages.

¶19. Dhaliwal and Singh responded to the complaint with a joint motion to dismiss for lack of subject-matter jurisdiction or to transfer to the Circuit Court of Madison County, Mississippi. The chancery court granted this motion and transferred the case to circuit court.

### II. Madison County Circuit Court

¶20. In the circuit court, Dhaliwal and Singh joined in a motion for summary judgment. The circuit court granted the motion, and Soni moved for reconsideration, which the circuit court denied. The circuit court found that Soni had failed to meet the standards for reconsideration. The circuit court noted, in response to Soni's request for an on-the-record hearing on the motion for reconsideration, that Soni had already been given ample opportunity to file arguments and proof before the circuit court. To support its order denying reconsideration, the circuit court cited Dhaliwal and Singh's argument that Soni was bound by the signed agreement letter and the additional release and indemnity agreement.

¶21. Patel filed a motion to dismiss under Mississippi Rule of Civil Procedure 12(b)(6), and Soni never responded to the motion in the circuit court. The circuit court granted the

6

motion to dismiss, citing Patel's arguments and noting that Soni never responded to the motion. Patel argued that no cause of action remained against him as the circuit court had entered summary judgment for Dhaliwal and Singh on the basis of the releases. Further, he claimed that he was never a party to the contracts or agreements entered into between Soni, Dhaliwal, and Singh.

¶22. On September 4, 2015, the circuit court entered a final judgment dismissing Soni's claims. Soni noticed his appeal to this Court on three issues: (1) the grant of Dhaliwal and Singh's motion for summary judgement, (2) the denial of Soni's motion for reconsideration as to the grant of summary judgement, and (3) the grant of Patel's motion to dismiss.

## DISCUSSION

### I. The Circuit Court's Grant of Dhaliwal and Singh's Motion for Summary Judgment

¶23. We review a circuit court's grant of summary judgment under a de novo standard of review. *Ferguson v. Miss. Farm Bureau Cas. Ins.*, 147 So. 3d 374, 377 (¶12) (Miss. Ct. App. 2014). Summary judgment "shall" be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56.

¶24. Initially, the burden of proof is on the moving party to demonstrate that there is no genuine issue as to any material fact. *Ferguson*, 147 So. 3d at 377 (¶12). Next, the burden of proof shifts to the nonmoving party, who must produce specific facts that there is a genuine material issue for trial. *Id*. If the nonmoving party fails "to make a showing

7

sufficient to establish the existence of an element essential to the party's case," this Court will affirm the grant of summary judgment. *Haley v. Jurgenson*, 154 So. 3d 935, 937 (¶6) (Miss. Ct. App. 2015).

¶25. Under Rule 56, a party opposing a summary-judgment motion may not rely on the "mere allegations or denials of his pleadings" but "must set forth specific facts showing that there is a genuine issue for trial." *Stuckey v. The Provident Bank*, 912 So. 2d 859, 864 (¶8) (Miss. 2005). Last, in reviewing a summary-judgment motion, the evidence will be considered "in the light most favorable to the nonmoving party." *Ferguson*, 147 So. 3d at 377 (¶12).

¶26. Here the circuit court's grant of summary judgment was proper. While Soni may or may not have initially had viable claims against Dhaliwal and Singh, the record reflects that Soni continued to release Dhaliwal and Singh from liability. Soni has failed to demonstrate a genuine issue as to any material fact regarding his claims against Dhaliwal and Singh.

¶27. On June 26, 2013, before a notary, Soni agreed that he had "no legal claims against Mr. Jeetpal S. Dhaliwal [and] Mr. Kanwarjit Singh on term [sic] of lease." Additionally, the agreement provided that the "[p]revious bill of sale is no [sic] null and void."

¶28. On August 28, 2013, before a notary, Soni agreed to settle and withdraw "any and all legal claims against" Dhaliwal and Singh. This agreement provided that Soni signed the "letter under no pressure" and "with full consent of his attorney."

¶29. On October 7, 2013, before a notary, Soni signed the most comprehensive of the release and indemnity agreements. The release detailed the dispute between Soni, Dhaliwal,

8

and Singh and provided that Soni released Dhaliwal from "any further payment, damages, claims, obligations or warranties regarding or relating to the Store." Further, Soni agreed to "unconditionally and irrevocably remise, release, forever discharge, agree to defend and indemnify and covenant not to sue" Dhaliwal for any transaction arising out of the November 2012 lease of the Store.

¶30. Mississippi law favors compromise. The law honors the settlement of disputes between parties and, ordinarily, will enforce the agreement the parties have made, absent any fraud, mistake, or overreaching. *Chantey Music Pub. Inc. v. Malaco Inc.*, 915 So. 2d 1052, 1055 (¶11) (Miss. 2005) (citing *Hastings v. Guillot*, 825 So. 2d 20, 24 (¶24) (Miss. 2002)). To prevail on a claim of fraud, a party must show the following elements:

> (a) a material and false representation, (b) which is known by the speaker to be false, (c) and which is intentionally made to induce the hearer to act in reliance thereon, and (d) the hearer does act to his detriment in reasonable reliance on the false representation, and (e) the hearer consequently suffers an injury based on such reliance.

*Braidfoot v. William Carey Coll.*, 793 So. 2d 642, 652 (¶34) (Miss. Ct. App. 2000).

¶31. The facts in the record do not support a finding of fraud in the agreements. Soni alleges that he believed and was led to believe that he was gaining an ownership interest in the Store through the 2012 lease. This reliance is only set forth in Soni's complaint, briefs, and personal affidavit. All of the facts presented to the circuit court are mere allegations on the part of Soni. Even considering these allegations, though, there is no support to substantiate a claim of fraud.

¶32. The representations that Dhaliwal was a "good guy" who "never lie[s]" and can be

9

"trust[ed]" do not meet the material-and-false-representation element of a fraud claim. Here, Soni had a responsibility to investigate the value of the Store on one of his multiple negotiation trips before entering into a $1,160,000 sale agreement without an independent valuation. Plus, the representations are made by Patel—not Dhaliwal. Additionally, Soni's reliance on Dhaliwal's valuation of the Store does not meet the reasonable-reliance element of a fraud claim because Soni was an experienced convenience-store owner at the time of the transaction.

¶33. Viewing the evidence in the light most favorable to Soni, it is not plausible to assume that Soni still believed he was receiving an ownership interest in the Store when he signed the later releases. In Mississippi, a party has a duty to read the terms of a contract and cannot later claim a lack of knowledge or seek to avoid a contract because he failed to read it. *Brown v. Anderson*, 80 So. 3d 878, 881 (¶9) (Miss. Ct. App. 2012). The first lease Soni signed in 2012 was an actual lease agreement. It provided for a term of months with an optional renewal and had a default clause that allowed Dhaliwal and Singh to repossess the Store. Plus, Soni signed a concurrent bill of sale for the inventory of the Store, which credited his previous deposit toward the sale. These facts objectively show that Soni's alleged belief that he was receiving an ownership interest in the Store was not reasonable.

¶34. Even if Soni had substantiated his allegations in his response to the summary-judgment motion, a party, upon discovery of a fraud, "must act promptly and finally to repudiate the agreement; however, a continuance to ratify the contract terms constitutes a waiver." *Turner v. Wakefield*, 481 So. 2d 846, 849 (Miss. 1985). Regardless of whether or

10

not Dhaliwal and Singh committed fraud against Soni, the record is clear that Soni ratified the initial agreement by entering into subsequent leases, settlements, and releases with knowledge of the alleged fraud. Soni signed all of the releases after he had discovered at least some portion of the alleged fraud. And both the 2013 settlement and the 2013 release were signed after Soni had discovered all of the alleged fraud.

¶35. There are no facts in the record to support the claim that Soni signed the agreements under coercion or duress. Mississippi follows a two-part test for economic duress: (1) the dominant party must threaten to do something that he has no legal right to do, and (2) the wrongful threat must override the volition of the victim. *Bailey v. Estate of Kemp*, 955 So. 2d 777, 783 (¶23) (Miss. 2007). Here, Dhaliwal and Singh did not threaten illegal action. The eviction order was legally obtained and enforced. There is also no support in the record that Dhaliwal and Singh's actions overrode Soni's volition. In fact, the 2013 settlement of his claims and the 2013 release state that Soni entered the agreements voluntarily. The 2013 release states that "the parties acknowledge that this Agreement is executed voluntarily by each of them, without any duress or undue influence."

¶36. These documents were also notarized. One of the strongest presumptions in the law is that an officer, such as a notary, "making a certificate of acknowledgment has certified to the truth." *Sapukotana v. Sapukotana*, 179 So. 3d 1105, 1114 (¶26) (Miss. 2015). Here, the notary certified that the 2013 release was Soni's own "voluntary act and deed." Soni has not offered any viable evidence to rebut this presumption.

¶37. There are no facts in the record that demonstrate a genuine issue as to any material

11

fact that Dhaliwal and Singh coerced Soni into signing the releases by preventing Soni from consulting his lawyer. Soni relies only on his allegations in the original complaint for the claim. *Stuckey*, 912 So. 2d at 864 (¶8) ("[A]n adverse party may not rest upon the mere allegations or denials of his pleadings[;] his response must set forth specific facts showing that there is a genuine issue for trial."). Further, the 2013 release contradicts this claim since the parties "acknowledge[d] that they . . . had the opportunity for representation in the negotiation for . . . this Agreement by counsel of their choice."

¶38. Because Soni continued to release Dhaliwal and Singh from liability, the circuit court properly granted summary judgment as to Soni's claims against Dhaliwal and Singh.

## II. The Circuit Court's Denial of Soni's Motion for Reconsideration

¶39. We review a denial of a Mississippi Rule of Civil Procedure 59(e) motion for reconsideration under an abuse-of-discretion standard. *Ferguson*, 147 So. 3d at 377 (¶11). Given the proper grant of summary judgment, the circuit court did not abuse its discretion in denying Soni's motion to reconsider its grant of summary judgment.

¶40. In his motion for reconsideration and his brief before this Court, Soni cited *Sullivan v. Tullos*, 19 So. 3d 1271 (Miss. 2009), for the argument that the circuit court improperly granted summary judgment before allowing reasonable discovery. Since *Sullivan* is factually distinguishable from Soni's situation, it does not control here.

¶41. In *Sullivan,* the trial court, at a hearing on a Rule 12(b)(6) motion to dismiss for failure to state a claim, converted the motion into a motion for summary judgment without a proper continuance to allow the plaintiffs an opportunity to present evidence under Rule 56.

12

*Sullivan*, 19 So. 3d at 1273 (¶5). In reversing the trial court, on a separate issue, the Mississippi Supreme Court found that the trial court's dismissal of summary judgment was improper as well. *Id*. at 1274, 1277 (¶¶8, 25). The *Sullivan* court recognized a genuine issue of fact as to whether or not the defendant had knowledge of the scheme alleged in the plaintiff's complaint. *Id.* at 1274 (¶14). Reversing the trial court, the *Sullivan* court found that "the combination of a complete lack of an opportunity for discovery and the absence of an answer by the defendants precludes summary judgment at this time." *Id.* at (¶15).

¶42. Here, *Sullivan* is not applicable. First, Dhaliwal and Singh filed a motion for summary judgment and not a motion to dismiss for failure to state a claim. The motion was fully briefed by Soni, Dhaliwal, and Singh. Second, there was an opportunity for Soni to engage in discovery. Not including the time when the case was filed in the chancery court, this case was pending in circuit court for almost ten months. In fact, Soni had propounded discovery, and Dhaliwal and Singh had opposed the discovery with a motion for a protective order. Third, there is no indication that additional discovery would have revealed evidence of a genuine issue as to any material fact to prevent the grant of the motion. It is clear from the record that Soni continued to release Dhaliwal and Singh from liability even after discovery of the alleged fraud. *See Price v. Pereira*, 172 So. 3d 1168, 1174-75 (¶¶22-24) (Miss. Ct. App. 2014) (affirming grant of summary judgment—prior to completion of discovery—where counterclaim barred by res judicata).

¶43. In light of this, the circuit court properly denied Soni's motion for reconsideration of the grant of summary judgment. There is no indication that the circuit-court judge abused

13

his discretion in denying Soni's motion.

### III. The Circuit Court's Grant of Patel's Motion to Dismiss for Failure to State a Claim

¶44. We review a circuit court's grant of a motion to dismiss under a de novo standard of review. *Durham v. Univ. of Miss.*, 966 So. 2d 832, 835 (¶7) (Miss. Ct. App. 2007). "Rule 12(b)(6) tests the legal sufficiency of a complaint." *Chalk v. Bertholf*, 980 So. 2d 290, 293 (¶4) (Miss. Ct. App. 2007). This Court will affirm the circuit court's grant of a motion to dismiss "where the plaintiff has failed to state a claim upon which relief can be granted." *Id*. Under Rule 12(b)(6), this Court considers "the face of the pleadings alone." *Id*. The allegations in the complaint must be taken as true. *Wilbourn v. Equitable Life Assur. Soc. of the U.S.*, 998 So. 2d 430, 435 (¶12) (Miss. 2008). A motion to dismiss is proper where there is no set of facts that would afford relief to the opposing party. *Durham,* 966 So. 2d at 835 (¶7).

¶45. Soni's allegations of fraud fail to state a claim against Patel. Mississippi Rule of Civil Procedure 9 requires that "the circumstances constituting fraud or mistake . . . be stated with particularity." *State v. Bayer Corp.*, 32 So. 3d 496, 501 (¶17) (Miss. 2010) (quoting M.R.C.P 9(b)). If the complaint does not comply with Rule 9, this Court should affirm a dismissal for failure to state a claim. *Id*. Under Mississippi law, to determine whether a plaintiff has adequately pled fraud, this Court looks for nine elements:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that the representation should be acted upon by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on the representation's truth; (8) the hearer's right to rely

14

thereon; and (9) the hearer's consequent and proximate injury.

*Id*. at (¶18).

¶46.    None of the facts alleged by Soni rise to the level of fraud by Patel.  According to the complaint, Patel said that Soni "c[ould] trust him [(Dhaliwal)]," that Dhaliwal was a "good guy" who "never lie[s]," and that "business is good."  These statements, taken as true, do not meet the requirements of pleading a claim of fraud.  Patel was introducing Dhaliwal and Soni for the first time, and the statements represent Patel's opinion of Dhaliwal and Dhaliwal's business.

¶47.    Additionally, according to the complaint, Patel said, "The money has already been spent.  You can't get it back.  Appraisal difference is because business is up and down.  Don't have to worry.  You can buy for 1.16M or lease."  There are no facts to show that Patel had anything to do with spending the money fraudulently or deceiving Soni.  It appears that Patel was merely informing Soni of the reality of where his money went.  *See id*. (reversing the grant of a Rule 12(b)(6) motion to dismiss where the complaint's "allegation . . . assert[ed] a knowing, material, and false representation").

¶48.    Soni's other causes of action against Patel fail to state claims as well.  Taking the allegations of the pleadings as true, there are no facts to support Soni's claim of defamation.[3] *See Chalk*, 980 So. 2d at 295 (¶8) (finding the complaint insufficient to state a claim for defamation where the alleged statements are not specifically identified).  Additionally, the

---

[3] Dhaliwal and Singh moved to strike two portions of Soni's reply brief as well as an attached exhibit.  One of the references subject to the motion to strike—presumably—relates to Soni's claim of defamation against Patel.  This Court is affirming the judgment of the circuit court and denies Dhaliwal and Singh's motion to strike.

complaint has not alleged sufficient facts to state a claim for breach of fiduciary duties by Patel. *See Lowery v. Guar. Bank & Tr. Co.*, 592 So. 2d 79, 83 (Miss. 1991) ("A fiduciary relationship may arise in a legal, moral, domestic, or personal context, where there appears on the one side an overmastering influence or, on the other, weakness, dependence, or trust, justifiably reposed.") (internal quotations omitted). There is no indication in the complaint that Patel exerted an "overmastering influence" over Soni or that Soni was weak, dependent, or trusted Patel justifiably.

¶49. Because Soni's complaint failed to state any claim against Patel, the circuit court properly granted Patel's motion to dismiss.

## CONCLUSION

¶50. The circuit court properly (1) granted summary judgment, (2) denied reconsideration of the summary-judgment motion, and (3) granted the motion to dismiss. Accordingly, we affirm.

¶51. **THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, FAIR, WILSON AND GREENLEE, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**