JAMES, J.,
DISSENTING:
¶ 18. Because the circuit court erred in denying the motion for summary judgment, I respectfully dissent. Since FCS demonstrated that there was no genuine issue as to any material fact, I would vacate the judgment based on the jury’s award and reverse the trial court’s denial of summary judgment. I would render judgment in favor of FCS for $950 and remand the issue of attorney’s fees to the trial court to be assessed pursuant to Mississippi Code Annotated section 11-53-81 (Rev. 2012).
¶ 19, After its appeal to circuit court, FCS responded to Collins by propounding discovery and filing a motion for summary judgment.[2] In its motion, FCS relied on the discovery responses in the case, two affidavits, and Collins’s medical records. Regarding the counterclaim for harass *1287 ment, FCS noted that Collins submitted the recordings of only two phone calls with FCS. In his affidavit, Mark James, vice president of technology for FCS, confirmed that the two calls submitted by Collins were the only calls between Collins and FCS. According to James, FCS initiated the first call to Collins on April 8, 2013, and Collins initiated the second call on April 9, 2013. At the summary-judgment hearing, the judge stated, “I don’t hear any harassment there unless [Collins’s attorney] has got something else,” referring to the recordings of the calls presented by FCS. Collins’s attorney replied, “No, sir, I don’t, Judge.” Further, Collins did not offer any proof of her alleged injuries other than references to the medical statement concerning her October 11. treatment—the same treatment that Collins argued was not fully administered to her by the hospital.
¶ 20. Concerning the medical bills, FCS argued that the proof that the medical bills were incurred was prima facie evidence under Mississippi Code Annotated section 41-9-119 (Rev. 2013) of their necessity and reasonableness. FCS also pointed to Collins’s discovery responses. Collins admitted the amount of the indebtedness. Collins’s response to Interrogatory 16, which asked Collins to substantiate her claims of damage, stated, “ANSWER: MEDICAL EXPENSES Magee General Hospital (10/11/12) $950.00—TOTAL.” Additionally, Collins relied on the. medical bills as evidence of the treatment she received for injuries that supported her claim. In response to Interrogatory 7, which- asked Collins to “fully describe the precise injury or injuries which you alleged you suffered” and “fully identify the treatment you received,” Collins answered, “See copy of medical bills and statement from Magee General Hospital attached to the response to request for production of documents. Dates [sic] of service October 11, 2012.”
¶ 21; While Collins did deny that she owed the $950 in medical bills in response to the Request for Admission 12, she neither provided the names of persons who would support her claims nor demonstrated how she would support her claims otherwise. Collins’s response to Interrogatory 13, which asked her to list the experts she expected to call at trial, listed three physicians who—presumably—treated Collins on October 11, 2012. The response to Interrogatory 13 claimed that the doctors would “further testify as to all charges and as to whether those charges were reasonable and necessary for the treatment -of the injuries as- a result of the accident.” While the doctors were “expected to testify as to all dates- of treatment and what occurred during said dates” as well as “to testify as to what treatment was rendered on each date of treatment,” there was no indication that the doctors would testify that the charges were not rendered to Collins. Moreover, it was not alleged that the doctors would testify that the charges were unreasonable and unnecessary. ■
¶22. Also, FCS supported its claim of attorney’s fees with an affidavit. Through the affidavit, FCS alleged that thirty-three and one-third percent of the unpaid principal was a reasonable fee in the surrounding legal community for debt-collection actions.
¶23. Collins’s attorney improperly opposed the motion at the hearing by representing how Collins would testify at trial. He claimed, “She says some of them [ (the medical services) ] were, and she’s going to testify as to what services were rendered!,] but a lots [sic] of them were not rendered to her.” Collins’s attorney did not file any affidavits or reference any discovery in opposition to the summary-judgment motion,
¶24. After hearing the arguments- in chambers before trial, the judge denied *1288 the motion for summary judgment. The judge did, however, limit Collins at trial to the sole issue of whether the medical services were administered by the hospital. Upon the denial of the motion, a jury trial was held, and the jury awarded FCS the sum of $233 and $0 in attorney’s fees.
¶ 25. We review a grant or denial of a summary-judgment motion under a de novo standard of review. Ferguson v. Miss. Farm Bureau Cas. Ins., 147 So.3d 374, 377 (¶ 12) (Miss. Ct. App. 2014). Summary judgment “shall” be granted “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and -that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56. Initially, the burden of proof is on the moving party to demonstrate that there is no genuine issue as to any material fact. Ferguson, 147 So.3d at 377 (¶ 12). Next, the burden of proof shifts to the nonmov-ing party, who must produce specific facts that there is a genuine material issue for trial. Id. In reviewing a summary-judgment motion, the evidence will be considered “in the light most favorable to the nonmoving party.” Id.
¶26. The trial court erred in denying FCS’s motion for summary judgment. FCS met its burden with its motion, showing that there was no genuine issue of any material fact. Collins failed to allege specific facts that would demonstrate a genuine material issue for trial.
¶27. FCS established prima facie evidence that Collins’s medical bills were necessary and reasonable. Section 41-9-119 provides, “Proof that medical, hospital, and doctor bills were paid or incurred because of any illness, disease, or injury shall' be prima facie evidence that such bills so paid or incurred were necessary and reasonable.” Miss. Code Ann. § 41-9-119. FCS provided the proper proof, in accordance with the statute, along with the required affidavit from the custodian. Id. §§ 41-9-105, -109 (detailing procedure by which records are presented sealed with a custodian’s affidavit). FCS also addressed Collins’s allegations in her pleadings that she had been harassed by FCS’s collection calls.
¶ 28. In response, Collins’s ■ attorney merely represented what he thought Collins would testify to at trial. Mississippi law requires a party opposing a motion for summary judgment to rebut the motion “by producing supportive evidence of significant and probative value.” Saucier ex rel. Saucier v. Biloxi Reg’l Med. Ctr., 708 So.2d 1351, 1356 (¶ 22) (Miss. 1998). Rule 56 provides for parties to prove “genuine issue as to any material fact” through “pleadings, depositions, answers to interrogatories and admissions on file.” M.R.C.P. 56. Further, where a party has met its burden under section 41-9-119, the opposing party “through proper evidence” may rebut the presumption—creating a fact issue for the jury, Estate of Bolden ex rel. Bolden v. Williams, 17 So.3d 1069, 1072 (¶ 10) (Miss. 2009) (trial context).
¶ 29. In opposing a motion for summary judgment, an attorney’s representation as to how a client will testify is an improper rebuttal of the motion and does not demonstrate a genuine issue as to any material fact. FCS had met its burden under the statute, and there was no other genuine issue as to any material fact—such as causation—alleged by Collins. Thus, the burden to demonstrate a genuine issue for trial had shifted to Collins. Collins simply did not meet her burden under Rule 56. Here, the statute provided for a presumption in favor of FCS. The medical bills had been incurred and were partially paid by Collins. Collins did not demonstrate any proof that the medical bills were not incurred at either the summary-judgment hearing or in the early-filed discovery re *1289 sponses. Thus, the trial court should have granted the motion for summary judgment.
¶ 30. Contrary to the majority’s finding that “the pretrial ruling on FCS’s motion for summary judgment was rendered moot by the trial on the merits,” we note that there is authority for our review of the summary-judgment motion, even after a jury verdict. See U.S. Fid. & Guar. Co. of Miss. v. Martin, 998 So.2d 956, 962 (¶ 12) (Miss. 2008) (reviewing denial of summary-judgment motion, post-jury verdict); Piggly Wiggly of Greenwood, Inc. v. Fipps, 809 So.2d 722, 726 (¶ 16) (Miss. Ct. App. 2001) (same).
¶ 31. I also disagree with the majority that Britton and Gibson control this issue. The review of the denial of the summary-judgment motions in those cases would have concerned issues of fact. Britton v. Am. Legion Post 058, 19 So.3d 83, 84 (¶ 5) (Miss. Ct. App. 2008) (refusing to review summary-judgment motion that concerned status of party as legal entity); Gibson v. Wright, 870 So.2d 1250, 1254 (¶5) (Miss. Ct. App. 2004) (refusing to review summary-judgment motion that concerned legal status of decedent in wrongful-death suit). In the case at hand, the appeal of the judge’s denial of summary judgment concerned two separate legal issues.[3] First, the judge misapplied Rule 56 by accepting the improper rebuttal of the motion. Second, the judge disregarded the statutory presumption detailed in section 41-9-119.
¶ 32. Because FCS demonstrated that there was no genuine issue of any material fact for trial, I respectfully dissent and would reverse the trial court’s denial of the motion for summary judgment and render judgment in favor FCS for $950, I would further remand to the trial court for the assessment of reasonable attorney’s fees pursuant to Mississippi Code Annotated section 11-53-81.

. Mississippi Rule of Civil Procedure 56(c) requires that a motion for summary judgment be “served at least ten days before the time fixed for hearing." (Emphasis added). While we recognize that FCS served its motion only seven days before the summary-judgment hearing, which was scheduled for the morning of the trial, contrary to the majoriiy’s finding, this issue was not properly preserved for appeal. See Hyundai Motor Am. v. Applewhite, 53 So.3d 749, 755 (¶ 17) (Miss. 2011) ("[Fjailure to make a contemporaneous objection ... waives the issue on appeal.”). Further, according to FCS, FCS served its motion for summary judgment one day after it received Collins’s answers to interrogatories and requests for production, which were served on FCS thirty-one days past the deadlines detailed in Rules 33 and 34. M.R.C.P. 33(b)(3), 34(b).

. See Becker v. Tidewater, Inc., 586 F.3d 358, 365 n.4 (5th Cir. 2009) (noting that the Ninth Circuit allows review of summary judgment after a jury trial where the issue appealed is a legal issue); Banuelos v. Constr. Laborers’ Tr. Funds for S. Cal., 382 F.3d 897, 902 (9th Cir. 2004) (noting the legal exception to the general rule that a court lacks authority to review summary-judgment motions after a jury verdict "where the ... court made an error of law that, if not made, would have required the ... court to grant the motion.”).