**WOODS v. MIKELBERG et al.**

**Civ. A. No. 7802.**

United States District Court
E. D. Pennsylvania.

Oct. 8, 1948.

Harold L. Wertheimer, of Philadelphia, Pa., for plaintiff.

Morris C. Solomon, of Philadelphia, Pa., for defendants.

McGRANERY, District Judge.

This is an action in which the Housing Expediter seeks a refund of overcharges to two tenants and an injunction restraining defendants from violating the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1881 et seq. The suit involves two dwelling units at 6056 Market Street, Philadelphia. The complaint alleges and the answer does not deny that the Area Rent Director, on December 4, 1946, issued two orders covering the two dwelling units and decreasing the maximum rent of each from $50.00 per month to $35.00. The order covering the second floor apartment was made retroactive to January 21, 1946, while that covering the third floor apartment was not. The landlord did not refund any portion of the rent, as ordered, and continued to collect a rent of $50.00 per month. The complaint further alleges and the answer does not deny that defendants collected overcharges from Leola Rosenthal, tenant of the second floor apartment amounting to $150.00. This figure represents the overcharges received during two periods: one, from June 21, 1946 to November 20, 1946, (excluding the month of July when rent control was not in effect) when the overcharges were a violation of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq., and, two, from July 1, 1947, to September 20, 1947, when the overcharges were a violation of the Housing and Rent Act of 1947. The complaint also alleges and the answer does not deny that defendants collected overcharges from James Arbuckle, between December 15, 1946, and January 14, 1947, amounting to $15.00.

Defendants filed a brief answer averring that the dwelling units in question were not "housing accommodations" within the purview of rent control and that James Arbuckle had damaged the premises he occupied and removed property worth more than the $15.00 prayed for in the complaint. On this state of the pleadings, the Housing Expediter moved for summary judgment, excepting the issue of restitution to James Arbuckle.

The pleadings and exhibits indicate that there is no genuine issue as to any material fact and that plaintiff is entitled to judgment for the relief he seeks as a matter of law. The essential averments in the complaint are not denied in the answer, and are, therefore, admitted. Moreover, the exhibits make clear the accuracy of the figures used in the prayer for restitution. Defendant's answer raises two issues, neither of which bars summary judgment: whether the dwelling units are actually "housing accommodations", and whether restitution should properly go to James Arbuckle. The first issue is actually an attack upon the Rent Director's orders and cannot be raised here. Cf. Woods v. Hills, 334 U.S. 210, 69 S.Ct. 992. The second issue, in effect, goes to damages and can be tried separately. Accordingly, therefore, an order will be entered granting the motion for summary judgment in so far as it seeks restitution to Leola Rosenthal and an injunction restraining defendants from violating the Housing and Rent Act of 1947.