WOODS, Housing Expediter, v. MAHONEY et al.

Civil Action No. 8326.

United States District Court
E. D. Pennsylvania.

Nov. 10, 1948.

Joseph J. Strassman, of Philadelphia, Pa., for plaintiff.

John M. Holton, Jr., of Raspin, Espenshade & Heins, all of Philadelphia, Pa., for defendants.

BARD, District Judge.

An examination of the record leads me to the conclusion that there exists no genuine issue as to any of the material facts in this case.

One of the grounds of the defendant's defense to this action is an attack upon the validity of a rent reduction order issued by the Area Rent Director. It is well settled that this Court is not a proper forum in which to present such a contention. Bowles v. Willingham, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892; Haber v. Garthly, D.C., 67 F.Supp. 774.

The second ground of defense asserted by the defendants is that by virtue of a lease entered into between the landlord and the tenant on September 1, 1947, an increase was effected in the maximum legal rent for the property in question. This lease purported to provide for an increase of 15 per cent in the rent, over and above the figure of $36 per month. Inasmuch as the law[1] provided only that such a

---

[1] § 204(b), Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1894(b).

lease would be competent to increase the maximum legal rent if the amount agreed upon did not represent an increase of more than 15 per cent over the then prevailing maximum legal rent, which was, with respect to the property in question, only $30 per month, I think that this lease did not legally increase the maximum legal rent.

The plaintiff's motion for summary judgment will be granted. An order may be presented providing for payment in the amount of $291 to the tenant, Laura Sapp.