**WOODS, Housing Expediter, v. ROBB.**

**No. 12486.**

United States Court of Appeals
Fifth Circuit.

Dec. 17, 1948.

Ed Dupree, Gen. Counsel, OHE, Hugo V. Prucha, Asst. Gen. Counsel, OHE, and Benjamin I. Shulman, Sp. Lit. Atty., OHE, all of Washington, D. C., and H. C. Happ, Regional Atty. OHE, and J. Edwin Fleming, Lit. Atty., OHE, both of Dallas Tex., for appellant.

Jesse A. Pardue, of Houston, Tex., for appellee.

Before HUTCHESON, SIBLEY, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

The Administrator of Price Controls proceeded against Sam. T. Robb to force restitution of excess rents collected and for double as much more as damages and for injunction against further violation of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq. Tighe E. Woods as Housing Expediter was substituted as plaintiff on January 21, 1948. Robb had answered in due time denying all the allegations. Under Rules 36 of Federal Rules of Civil Procedure, 28 U.S.C.A., a request for admissions of fact was served on him, which admissions would include an exhibited rental registration of the premises involved at $35.00 per month effective March 1, 1942, and an exhibited reduction order made by the Rent Director August 23, 1946, but effective November 8, 1944, which reduced the rent to $25 per month and ordered a refund within thirty days of "any rent collected from the effective date of this order in excess of the amount provided in this order." The order does not recite any precedent notice to Robb, nor is any admission asked that Robb was notified before it was granted, nor that the exhibited notice of its having been granted was served on him. Admission was asked also that he had not made any refund within thirty days and no suit had been filed by the tenant. The exhibited reduction order fixed no amount to be refunded, but admission was asked that Robb had collected the sum of $35 per month "during the period of *from on or before* Nov. 8, 1944, *and on or before* March 20, 1946." (Emphasis added.) This request for admissions was served July 1, 1947. A summary judgment was asked on these admissions, no answer having been made, on Jan. 7, 1948. To this motion Robb replied under oath (1) that at the date of service by mail of the request for admissions and until long after the date fixed for answering it he was seriously ill and incapacitated because of a serious automobile accident, and (2) that the suit being for the recovery of a penalty he was not required to testify against himself. The motion for summary judgment not having been acted on, on February 27, 1948, plaintiff filed interrogatories for Robb to answer which covered the same ground as the requests for admissions. Robb objected that he was not required to answer them in a suit for a penalty, and on April 1, 1948, plaintiff formally withdrew the interrogatories. On April 12 Robb by amendment pleaded limitation and absence of willfullness and failure to take practicable precautions. The case went to final trial before the judge on April 13. The requests for admissions and failure

to make timely answer was introduced in evidence. The motion for summary judgment was offered but was not entertained. Plaintiff rested. ³ The defendant also rested. The case was then submitted on briefs to be filed. The court found as a fact that "apparently the plaintiff abandoned his request for admissions and propounded the interrogatories, and then withdrew the interrogatories"; and that although the defendant was present in court and also the files of the Rent Director with respect to this alleged violation of law, yet no evidence was offered; and that judgment should be rendered for the defendant. The Expediter appeals. He specifies as error the denial of the summary judgment; the finding that his request for admissions was abandoned; the holding that there was insufficient evidence; and the refusal to grant him judgment.

■ The judge wished to try the case on its merits with full evidence. The refusal to pass on the motion for a summary judgment was within the discretion of the court; it is not reversible error. The case was called for regular trial on the merits, both sides announced ready, and the plaintiff's counsel swore himself as a witness and was examined. Only then did he mention his motion for summary judgment which had been pending more than three months but had not been called to the attention of the judge. The judge said he would go forward with the trial on the merits. The saving of time and expense is the purpose to be attained by a summary judgment in a proper case. When in due course the final trial is had on the merits it becomes the best test of the rights of the movant. If he wins on the trial he has his judgment. If he loses on a fair trial it shows that he ought not to have any judgment. In the circumstances of this case the motion for summary judgment was in fact waived. Moreover in the trial, as in the motion for summary judgment, reliance was placed solely on the unanswered request for admissions to prove beyond controversy the essential facts alleged in the complaint and denied in the answer. If not sufficient in the trial they would not have availed in the motion for summary judgment. No substantial right of the plaintiff was lost.

■ The judge in his findings held the request was apparently abandoned by plaintiff and that he later sought to take the interrogatories of the defendant which were themselves afterwards withdrawn. The interrogatories were intended to establish the same facts as the requested admissions. We do not think their filing constituted an abandonment of the request. The Rules of Procedure give the right to seek discovery by both methods; a party does not have to elect one or the other, and may if he wishes pursue either or both. Rules 33 and 36.

■ Robb, long after the time limited by Rule 36 and in answer to the motion for summary judgment filed two sworn excuses for not having answered the request for admissions, one that he was too ill during the period for answer and the other that he did not have to answer anyhow, because he could not in a penalty suit be required to testify against himself. He did not ask for an enlargement of the time for answer, nor offer presently to answer. We think the illness ceased to be an excuse on its cessation. He was present in court at the trial. Nor was this such a suit as the second excuse would fit. The suit involves only civil sanctions, imposed as deterrents rather than punishments. Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917; United States v. Hess, 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443; Crary v. Porter, 8 Cir., 157 F.2d 410; Amato v. Porter, 10 Cir., 157 F.2d 719; Kessler v. Fleming, 9 Cir., 163 F.2d 464. Admissions if made could not have been used against him in any other proceeding. Rule 36(b).

■ Under Rule 36(a) each of the matters of which an admission was requested is for want of an answer to be deemed admitted; but only as stated in the request. As stated they fail to make out a case on which judgment could be entered either summary or final, because the amount of overcharges is not definitely shown. The admissions show that $35 per month, instead of the retroactive $25, had been collected, but the period covered is stated as "from on or before Nov. 8, 1944, and on or before March 20, 1946," with no ending for either uncertain beginning. One can only guess what is intended thereby. It is not certain

enough to justify judgment for the drastic relief prayed, and the judge did not err in so deciding. Discretion upholds the refusal of an injunction under the circumstances.

Judgment affirmed.