**UNITED STATES v. LEWIS.**

**Civ. A. No. 511–49.**

United States District Court
D. New Jersey.
March 17, 1950.

Sylvan D. Freeman, New York City (Samuel Hodes, New York City, of counsel), for plaintiff.

David Hilowitz, Bloomfield, N. J., for defendant.

MEANEY, District Judge.

This is an action under sections 205 and 206 of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1891 et seq., seeking to restrain defendant from demanding rent in excess of the maximum legal rent, to require defendant to make restitution of overcharges, and to recover treble damages as provided for in the Act. Pursuant to Rule 36 of the Federal Rules of Civil Procedure, 28 U.S.C.A., plaintiff requested defendant to make certain admissions. Defendant filed written objections thereto claiming that the privilege against self-incrimination excused answering some requested admissions, that one involved a conclusion of law, and that as to another, defendant had no knowledge.

Rule 36, under which the admissions are sought, specifically prohibits their use in any other proceeding. The privilege then cannot be invoked on the ground the admissions might be made the basis of a criminal prosecution. Nor is this proceeding criminal in nature so as to require application of the privilege against self-incrimination. Although the Act provides for treble damages, and this action is brought for the purpose of recovering treble damages, actions of this nature have been classified as remedial in character involving only civil sanctions imposed as a deterrent rather than as a punishment. Woods v. Robb, 5 Cir., 1948, 171 F.2d 539; Crary v. Porter, 8 Cir., 1946, 157 F.2d 410; Amato v. Porter, 10 Cir., 1946, 157 F.2d 719. Defendant's objections, based on the privilege against self-incrimination, will be overruled.

Request number 3 is objected to as improper on the ground that it calls for a conclusion of law. The request reads, "3. The Maximum Legal Rent of the second floor apartment in the premises in the period July 1, 1947 to June 1, 1948 was $80 per month." Appended to the request for admissions was a copy of an order of Michael Pecora, the Area Rent Director, issued January 26, 1949, decreasing the maximum legal rent on the premises in question from $100 per month to $80 per month effective July 1, 1947. Plaintiff agrees defendant cannot be required to admit a conclusion of law—see Fidelity Trust Co. v. Village of Stickney, 7 Cir., 1942, 129 F.2d 506—but maintains that the question of the maximum legal rent is one of fact. The process of the rent control authorities in arriving at the maximum legal rent unquestionably would involve the application of law to facts. Once that maximum has been finally established according to law and pursuant to regulations, the question of the maximum legal rent would seem to be one of fact at least so far as a proceeding of this kind is concerned. The Rent Director's orders cannot be attacked here. Bowles v. Willingham, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892; Woods v. Mikelberg, D.C.E.D.Pa. 1948, 80 F.Supp. 222; Woods v. Mahoney, D.C.E.D.Pa.1948, 81 F.Supp. 214. Therefore, unless defendant can show that the order was subsequently revoked or modified by competent authority, it remains conclusive. Defendant would, of course, know whether an administrative appeal was taken from the order. If none has been

taken, the rent established by the order remains an unassailable determination of fact. If, on the other hand, an appeal has been taken and the rent has been changed, defendant can of course deny that the maximum legal rent is as suggested by the question. It seems reasonable, therefore, for the purpose of this proceeding, to treat the matter of the maximum legal rent as a question of fact and as such a proper subject of a request for admissions under Rule 36. Defendant's objection to request number 3 accordingly will be overruled.

The remaining objection is "That request number 8 is improper in that defendant has no information nor any reason to know of its truthfulness and further that the means of obtaining such information are beyond the power of defendant." Request number 8 asks defendant to admit that the tenants have not instituted a separate action for the alleged overcharges. Defendant should not be required to ascertain the truth of the requested admission through a third party. The plaintiff cannot cast the burden of its proof on defendant. Booth Fisheries Corporation v. General Foods Corp., D.C.Del.1939, 27 F. Supp. 268. However, at the present stage of the case it is not known whether defendant has personal knowledge of whether the tenant has instituted an action. If defendant does have personal knowledge, an appropriate answer should be given. If defendant lacks personal knowledge, then an answer that defendant neither admits nor denies the requested admission, because of the lack of personal knowledge, will suffice. Hopsdal v. Loewenstein, D.C.N.D. Ill.1945, 7 F.R.D. 263. "If there is reason why plaintiff is unable to deny or admit the fact in question, the remedy is via a sworn statement to that effect as prescribed in the rule." Thomas French & Sons, Ltd. v. Carleton Venetian Blind Co., Inc., D.C.E.D.N.Y.1940, 1 F.R.D. 178: 179; see contra: Wilson v. Gas Service Co., D.C.W.D.Mo.1949, 9 F.R.D. 101.

An order may be submitted in conformity with this opinion.