**UNITED STATES v. LA FONTAINE.**

**Civ. A. No. 1343.**

United States District Court
D. Rhode Island.
June 19, 1952.

---

George F. Troy, U. S. Atty., and Irving Brodsky, Sp. Asst. U. S. Atty., both of Providence, R. I., for plaintiff.

Francis R. Foley, of Pawtucket, R. I., for defendant.

LEAHY, District Judge.

This action was brought by the plaintiff, the United States of America, under authority of the Defense Production Act of 1950, as amended, 50 U.S.C.A.Appendix, § 2061 et seq., to enjoin alleged violations by the defendant of a price stabilization regulation, and to obtain judgment for three times the amount of the overcharges allegedly made by the defendant in his sales of used automobiles in violation of the said price stabilization regulation, supplementary regulation 5, to the general ceiling price regulation. The complaint alleges that this regulation established the ceiling prices for all sales of used automobiles, and that the defendant in his sales and deliveries of used automobiles is subject to the provisions of this regulation.

This matter was heard on the defendant's objection to the plaintiff's request for the admission of facts, which request was served on the defendant pursuant to Rule 36 of the Federal Rules of Civil Procedure, 28 U.S.C.A. The defendant objected to answering requests numbered three to fifteen on the ground that these requests violate the privileges and immunities of the defendant under Article 5 of the Amendments to the Constitution of the United States. Typical of the requests for admission to which objection is made is number three, wherein the plaintiff "requests the defendant, pursuant to Rule 36 of the Federal Rules of Civil Procedure, to admit within 10 days after service of this request, for the purposes of the above entitled action only, and subject to all pertinent objections to admissibility which may be interposed at the trial, the truth of the following facts: * * *.

"3. On or about April 7, 1951, the defendant sold to Thomas M. Brown, 32 Railroad Street, Central Falls, Rhode Island, one 1940 Buick Super, 4-door sedan, motor no. 053798645, with radio and heater, for the price of $550.00."

The defendant's contention, in support of his objection to these requests for admission, is that this action is for a penalty and is, therefore, to be considered a "criminal case" within the meaning of the privileges and immunities clause of the Fifth Amendment o f the United States Constitution, so that the defendant cannot be compelled to be a witness against himself, and therefore need not answer these requests for admissions.

The Defense Production Act of 1950, as amended, is similar, with respect to the sanction provisions, to the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq. Although the authorities are not in complete agreement, the great weight of authority is to the effect that an action for treble damages, under the Emergency Price Control Act of 1942, is remedial and not penal, and that therefore the immunity of the Fifth Amendment is not available to a party in this type of case. Crary v. Porter, 8 Cir., 157 F.2d 410; Amato v. Porter, 10 Cir.,

520

157 F.2d 719; Kessler v. Fleming, 9 Cir., 163 F.2d 464; Bowles v. Seitz, D.C., 62 F.Supp. 773; Bowles v. Misle, D.C., 64 F. Supp. 835; Bowles v. Berard, D.C., 57 F. Supp. 94.

The case of Bowles v. Trowbridge, D.C. N.D.Cal., 1945, 60 F.Supp. 48, which is strongly relied upon by the defendant here, held that the treble damages feature of the Emergency Price Control Act was penal, and the Court in that case granted the defendant's objections to the plaintiff's interrogatories, on the ground that the requirement that the defendant answer the plaintiff's interrogatories would be in violation of the Fifth Amendment. But the great weight of authority is opposed to Bowles v. Trowbridge, supra, and the Court of Appeals for the Ninth Circuit, within which the California District Court sits, has stated in Kessler v. Fleming, 9 Cir., 1947, 163 F.2d 464, 468:

> "It is reasonably clear that Congress imposed the sanction as a measure of civil redress. As observed in Crary. v. Porter, 8 Cir., 157 F.2d 410, 414, increased or multiple damages are not authorized to be assessed under § 205 (e) of the Act as a substitute for criminal punishment. Criminal sanctions for violations are separately provided for in § 205(b). * * * Multiple or exemplary damages whose allowance depends upon the recovery of actual damages, have never, so far as we are aware been regarded as amounting to a criminal penalty. The view that the treble damage sanction is remedial rather than punitive has been taken in other cases aside from Crary v. Porter, supra."

See also Bowles v. Glick Bros. Lumber Co., 9 Cir., 1945, 146 F.2d 566.

Furthermore, Rule 36(b) of the Federal Rules of Civil Procedure expressly provides that "Any admission made by a party pursuant to such request is for the purpose of the pending action only and neither constitutes an admission by him for any other purpose nor may be used against him in any other proceeding." See also Woods v.

Robb, 5 Cir., 171 F.2d 539; United States v. Lewis, D.C., 10 F.R.D. 56.

The defendant's objection to the plaintiff's request for admission of facts is overruled, and the plaintiff's requests 3 to 15 shall be answered by the defendant on or before June 27, 1952.