**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,**

v.

**J. D. LOGSDON, Defendant.**

**Civ. No. 611.**

United States District Court
W. D. Kentucky, at Owensboro.
July 19, 1955.

David C. Brodie, Owensboro, Ky., Royal L. Coburn and John L. Cecil, Washington, D. C., for plaintiff.

R. Miller Holland, Jr., Owensboro, Ky., W. Mallam Lake, Hartford, Ky., for defendant.

BROOKS, District Judge.

This is a civil action to recover a large sum of money representing an alleged overdraft of the bank account of the defendant. Subsequent to the filing of this suit the defendant was jointly indicted with the cashier of his bank for willful misapplication of funds in violation of 18 U.S.C.A. § 656.

Plaintiff has made a request for admissions under Rule 36, Federal Rules of Civil Procedure, 28 U.S.C.A., inquiring if the defendant signed and issued certain checks that resulted in the alleged overdraft of his account. Defendant refused to respond to the request on the grounds that his answers might tend to incriminate him, and this case is now submitted on this issue.

 The privilege against self-incrimination provided by the Fifth Amendment of the Constitution of the United States "must be accorded liberal construction in favor of the right it was intended to secure." Hoffman v. United States, 341 U.S. 479, 71 S.Ct. 814, 818, 95 L.Ed. 1118; Quinn v. United States, 349 U.S. 155, 75 S.Ct. 668. And it may be invoked in civil as well as in criminal proceedings. McCarthy v. Arndstein, 266 U.S. 34, 45 S.Ct. 16, 69 L.Ed. 158; Counselman v. Hitchcock, 142 U.S. 547, 12 S.Ct. 195, 35 L.Ed. 1110. It may be invoked when the answer to the questions alone would not "support a conviction" but would only furnish "a link in the chain of evidence needed in a prosecution" for violation of a criminal statute, Blau v. United States, 340 U.S. 159, 71 S.Ct. 223, 224, 95 L.Ed. 170; Emspak v. United States, 349 U.S. 190, 75 S.Ct. 687; and where the defendant has reasonable grounds to apprehend danger of criminal prosecution because of what his testimony would reveal, Mason v. United States, 244 U.S. 362, 37 S.Ct. 621, 61 L.Ed. 1198.

 It is obvious that the defendant's reply to the request for admissions would either admit or deny the signing and issuing of the checks, the payment of which brought about the alleged overdraft of his account. It is equally obvious that this is a vital, factual link in the chain of evidence necessary to establish the existence and commission of the crime for which he has been indicted and faces pending prosecution.

It therefore follows that the defendant cannot be required to answer the request for admissions unless he is compelled to do so by Rule 36(b), Federal Rules of Civil Procedure, which provides as follows:

> "*Effect of Admission.* Any admission made by a party pursuant to such request is for the purpose of the pending action only and neither constitutes an admission by him for any other purpose nor may be used against him in any other proceeding."

Neither this Rule nor any other statute, however, guarantees this defendant absolute immunity from federal criminal prosecution. Consequently to require the defendant in this case to give self-incriminating testimony would be a violation of his constitutional rights. Smith v. United States, 337 U.S. 137, 69 S.Ct. 1000, 93 L.Ed. 1264; Counselman v. Hitchcock, 142 U.S. 547, 12 S.Ct. 195, 35 L.Ed. 1110; Brown v. Walker, 161 U.S. 591, 16 S.Ct. 644, 40 L.Ed. 819.

The plaintiff relies upon United States v. Lewis, D.C., 10 F.R.D. 56; United States v. La Fontaine, D.C., 12 F.R.D. 518; and Woods v. Robb, 5 Cir., 171 F.2d 539, to support its contention that 36(b) of the Rules requires the defendant to respond to its request for admissions even should his answers be self-incriminating.

The Lewis case is an action under Sections 205 and 206 of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1891 et seq. and states [10 F.R.D. 57], "Although the Act pro-

vides for treble damages and this action is brought for the purpose of recovering treble damages, actions of this nature have been classified as remedial in character involving only civil sanctions imposed as a deterrent rather than as a punishment." Citing Woods v. Robb, 5 Cir., 1948, 171 F.2d 539; Crary v. Porter, 8 Cir., 1946, 157 F.2d 410; Amato v. Porter, 10 Cir., 1946, 157 F.2d 719. To the same effect is United States v. La Fontaine, D.C., 1952, 12 F.R.D. 518.

The fact that the sanction in all of these cases was remedial rather than punitive, and because of the further fact that the records are silent as to whether or not criminal prosecution was pending or could be reasonably apprehended by the defendants, distinguishes this line of cases from the case at bar.

The defendant's objection to the request for admissions is sustained and a proper order will be entered.