CARLTON, J.,
 

 for the Court.
 

 ¶ 1. This case is before the Court on appeal from the Hancock County Chancery Court’s denial of James Britton’s (Britton) motion for summary judgment. Because Britton did not seek an interlocutory appeal of the denial of his motion for summary judgment, we dismiss his appeal as moot.
 

 FACTS
 

 ¶ 2. On October 1, 1990, Britton, his wife Jonnie Britton (Jonnie), and Billy Anderson signed a lease agreement in favor of American Legion Post 58 (Post 58), Hancock County, for the purpose of establishing an auxiliary volunteer fire station. The Brittons owned the property subject to the lease. Anderson believed at the time of the lease that he owned a portion of the driveway; however, Britton’s complaint alleges that Anderson owned none of the subject property.
 
 [1]
 
 The lease agreement contained the following language:
 

 For and in consideration of the sum of ONE DOLLAR ($1.00), cash in hand paid, the receipt of which is hereby acknowledged, we, JONNIE BRITTON, JIM BRITTON, and BILLY O. ANDERSON, do hereby lease and let unto AMERICAN LEGION POST 58, Hancock County, the following described
 
 *84
 
 property located in Hancock County, Mississippi, to-wit:
 

 [description of subject property]
 

 I.
 

 This lease shall be for a period of fifty (50) years or so long as the American Legion Post 58 maintains an auxiliary fire station on the above described property.
 

 II.
 

 It is agreed and understood between the parties hereto that should the property cease to be maintained as a fire station for a period of more than ninety (90) days, then this lease shall be null and void and the above described property will revert to the Lessors herein, their heirs or assigns.
 

 The lease was signed only by Britton, Jon-nie, and Anderson. Britton and Anderson were both members of Post 58. No other member of Post 58 signed the lease on behalf of Post 58.
 

 ¶ 3. Post 58 erected a building to house the trucks needed to operate as a fire department. Post 58 subsequently leased the property to Post 58 Volunteer Fire Department (Fire Department) on March 7, 1997, for a period of ten years, with an option to renew, for the cost of maintaining insurance on the buildings annually. The Fire Department agreed to maintain the buildings in a safe and operable condition at all times. The Fire Department also assumed all liability in relation to the building.
 

 ¶4. Britton filed a complaint to cancel the original lease agreement in December 2005. In his complaint, Britton alleged that Post 58 had failed to maintain an auxiliary fire station on the property for several years, and the lease agreement should be declared null and void and the property revert back to him. He argued, alternatively, that Post 58 was without legal capacity to lease real property because it was not a legal entity.
 

 ¶ 5. Trial was scheduled to begin in the chancery court on February 26, 2007. Before trial began, Britton filed a motion for summary judgment claiming that because Post 58 was not a legal entity, and because no representative for Post 58 actually signed the lease, the lease should be declared null and void. The trial commenced on February 26, 2007, with no ruling from the chancellor regarding the summary judgment motion. Before the trial concluded, the chancellor ruled that Britton add the fire protection district as a necessary party. The trial was continued to a later date.
 

 ¶ 6. Britton amended his complaint and his motion for summary judgment to add the fire protection district as a defendant. The hearing on Britton’s motion for summary judgment was held March 11, 2007. The trial resumed on March 14, 2007, still with no ruling from the chancellor on Brit-ton’s motion for summary judgment. After a trial on the merits, the chancellor found no material breach of the lease contract and ruled in favor of the defendants. Britton filed a motion for clarification of the chancellor’s ruling, specifically requesting that the chancellor rule on Britton’s motion for summary judgment. The chancellor then issued his findings of fact, conclusions of law, and final judgment, finding that Britton had not met his burden of showing a material breach of the terms of the lease and specifically denying his earlier motion for summary judgment.
 

 DISCUSSION
 

 ¶ 7. On appeal, Britton raises only the issue of whether the chancellor erred in denying his motion for summary judgment. Because Britton did not seek
 
 *85
 
 an interlocutory appeal under Rule 5 of the Mississippi Rules of Appellate Procedure, and because the chancellor ruled against him after trial, the issue of Brit-ton’s motion for summary judgment is moot. This Court has held that appeals from the denial of a motion for summary judgment are interlocutory in nature and are rendered moot by a trial on the merits.
 
 Gibson v. Wright,
 
 870 So.2d 1250, 1254(¶8) (Miss.Ct.App.2004) (citing
 
 Black v. J.I. Case Co.,
 
 22 F.3d 568, 569-70 (5th Cir.1994)). “[Ojnce trial begins, summary judgment motions effectively become moot.”
 
 Id.
 
 (quoting
 
 Daigle v. Liberty Life Ins. Co.,
 
 70 F.3d 394, 397 (5th Cir.1995)). Accordingly, this Court declines to review this issue.
 
 See id.
 

 ¶ 8. Britton has raised no other issues for our review in this matter. Therefore, we dismiss Britton’s appeal as moot.
 

 ¶ 9. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.
 

 [1]
 

 . Anderson and Jonnie are deceased. The record indicates that all of the property leased to Post 58 was actually Britton’s property.