# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01154-COA

**FRANKLIN COLLECTION SERVICE, INC.**                    APPELLANT

**v.**

**GWENLYN M. COLLINS**                                   APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/14/2015 |
| TRIAL JUDGE: | HON. EDDIE H. BOWEN |
| COURT FROM WHICH APPEALED: | SMITH COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MARTHA BOST STEGALL |
| ATTORNEY FOR APPELLEE: | EUGENE COURSEY TULLOS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| TRIAL COURT DISPOSITION: | JUDGMENT FOR APPELLANT FOR $233 |
| DISPOSITION: | AFFIRMED - 12/13/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WILSON, J., FOR THE COURT:**

¶1.    In this action to collect on a hospital bill, the jury awarded Franklin Collection Service Inc. ("FCS") $233, and the circuit court entered judgment in favor of FCS on the jury's verdict. FCS now attempts to appeal the circuit court's pretrial denial of its motion for summary judgment, in which it sought a judgment for a greater amount ($950) plus attorneys' fees. However, under this Court's precedent, the pretrial ruling on FCS's summary judgment motion was rendered moot and unappealable once the case proceeded to a jury trial and verdict. Because the only issue raised by FCS on appeal is not reviewable on appeal, we affirm the judgment of the circuit court.

## FACTS AND PROCEDURAL HISTORY

¶2.     On October 11, 2012, Gwenlyn Collins was admitted to the emergency room at Magee General Hospital with pain in her left rib area. Collins received treatment at the ER and was discharged. She received a bill from the hospital for $1,030, and she paid $70 on the bill.

¶3.     The $960 balance was assigned to FCS for collection, and Collins later made an additional payment of $10, reducing her indebtedness to $950. FCS subsequently filed a complaint in the Smith County Justice Court seeking recovery of the balance due. Collins filed an answer denying all allegations against her and arguing that some of the services billed to her were not administered by the hospital. On April 14, 2014, the justice court found for Collins and dismissed the case with prejudice.

¶4.     FCS appealed to the Circuit Court of Smith County. Collins then amended her answer to assert a counterclaim against FCS for "harassing and threatening telephone calls." Collins claimed that the phone calls had caused her embarrassment, worry, and loss of sleep, and she demanded actual and punitive damages.

¶5.     FCS then propounded discovery and eventually filed a motion for summary judgment addressing both its claim against Collins and Collins's counterclaim. In its motion, FCS argued, inter alia, that it was entitled to judgment as a matter of law for the $950 in medical bills plus court costs and attorneys' fees. Specifically, FCS argued that Collins's discovery responses effectively admitted liability on the hospital bill.

¶6.     FCS filed its motion for summary judgment on May 11, 2015, and noticed it for a hearing on the morning of May 14, 2015, which was the day set for trial. That morning, the trial judge asked counsel for FCS, "Why wasn't this motion for summary judgment brought

up before today? . . . We've got a jury out there waiting to hear this trial, and all of a sudden I'm hit with a motion for summary judgment." Counsel for FCS responded, "Judge, I can't give any insight on that. I'm sorry." (A different lawyer had filed the summary judgment motion.) Collins's attorney argued that the motion should be denied because Collins would testify that she never received some of the treatments for which she was billed. The judge then denied the motion, stating, "I think we ought to go in here and try this case, let the witnesses testify, and let the jury make a decision." The judge told counsel that in the future he should not "wait until the morning of trial to bring [a] motion for summary judgment up."

¶7. The morning of trial, Collins did agree to withdraw her counterclaim. Thus, the case proceeded to trial on FCS's claim only. At trial, Collins testified that most of the services on her hospital bill were not actually performed. The jury returned a verdict in favor of FCS for $233, the approximate charges for treatments that Collins acknowledged receiving at the hospital, less the payments she had already made on her bill. Final judgment was entered on the verdict, and FCS appealed.

## DISCUSSION

¶8. On appeal, FCS challenges only the pretrial denial of its motion for summary judgment. Collins responds that the denial of summary judgment is unreviewable once the case proceeds to a jury trial and verdict. Under our precedent, she is correct:

> This Court has held that appeals from the denial of a motion for summary judgment are interlocutory in nature and are rendered moot by a trial on the merits. *Gibson v. Wright*, 870 So. 2d 1250, 1254 (¶8) (Miss. Ct. App. 2004) (citing *Black v. J.I. Case Co.*, 22 F.3d 568, 569-70 (5th Cir. 1994)). "[O]nce trial begins, summary judgment motions effectively become moot." *Id.* (quoting *Daigle v. Liberty Life Ins. Co.*, 70 F.3d 394, 397 (5th Cir. 1995)).

3

*Britton v. Am. Legion Post 058*, 19 So. 3d 83, 85 (¶7) (Miss. Ct. App. 2008); *accord Gibson*, 870 So. 2d at 1254 (¶8).

¶9.     In *Black*, the United States Court of Appeals for the Fifth Circuit observed:

> [P]rudential concerns argue against reviewing such motions. To review the pretrial denial of a motion for summary judgment, we would have to review two different sets of evidence: the "evidence" before the district court at pretrial when it denied the motion, and the evidence presented at trial. Of course, the "evidence" presented at pretrial may well be different from the evidence presented at trial. It makes no sense whatever to reverse a judgment on the verdict where the trial evidence was sufficient merely because at summary judgment it was not. . . . "The saving of time and expense is the purpose to be attained by a summary judgment in a proper case. When in due course the final trial is had on the merits it becomes the best test of the rights of the movant. If he wins on trial he has his judgment. If he loses on a fair trial it shows that he ought not to have any judgment."

*Black*, 22 F.3d at 572 (quoting *Woods v. Robb*, 171 F.2d 539, 541 (5th Cir. 1948)).

¶10.    Based on our holdings in *Britton* and *Gibson*, *supra*, the pretrial ruling on FCS's motion for summary judgment was rendered moot by the trial on the merits. It is not reviewable on appeal and therefore is not a basis for reversal.

¶11.    In its reply brief, FCS cites two cases in which the denial of summary judgment was affirmed on appeal following a jury trial and suggests that these cases support its argument that we may review the summary judgment ruling in this case. In one of these cases, this Court affirmed the judgment below after rejecting arguments that the circuit court erred by denying a summary judgment motion, a motion for a directed verdict, and a motion for a judgment notwithstanding the verdict (JNOV). *Piggly Wiggly of Greenwood Inc. v. Fipps*, 809 So. 2d 722, 724 (¶1) (Miss. Ct. App. 2001). Although this Court mentioned and discussed the standards of review applicable to each of the challenged rulings, the Court

4

affirmed the final judgment without discussing whether all three rulings were reviewable on appeal. *See generally id.* In addition, the opinion simply discusses "the evidence" and "conflicting testimony" presented without specifying whether such evidence was presented at the summary judgment stage or at trial. *See id.* at 726 (¶13). Thus, the reviewability of the pretrial summary judgment ruling was never discussed and made no difference to the outcome of the appeal.

¶12. The other case was an insurance coverage dispute in which the trial judge denied the insurer's pretrial motion for summary judgment because he concluded that the relevant policy provisions were ambiguous. *USF&G Co. of Miss. v. Martin*, 998 So. 2d 956, 960 (¶4) (Miss. 2008). After trial, the judge denied the insurer's motion for JNOV, which challenged the sufficiency of the insured's proof of the cause and amount of her damages. *Id.* at (¶¶6-7). On appeal, the Mississippi Supreme Court reviewed both rulings. *Id.* at 960-67 (¶¶9-33). Although the Court did not discuss the issue, review of a pretrial summary judgment ruling may be appropriate in a contract case because the question whether a contract is ambiguous is always a question of law for the court, whereas the jury determines the meaning of ambiguous provisions. *See Miss. Transp. Comm'n v. Ronald Adams Contractor Inc.*, 753 So. 2d 1077, 1086 (¶26) (Miss. 2000); *A&F Props. LLC v. Lake Caroline Inc.*, 775 So. 2d 1276, 1279 (¶6) (Miss. Ct. App. 2000). Moreover, as in *Piggly Wiggly*, *supra*, the revieweability of the pretrial summary judgment ruling made no difference to the outcome of the appeal.

¶13. Thus, neither case cited by FCS holds that a pretrial summary judgment ruling like the

5

one in this case is reviewable. In contrast, our decisions in *Britton* and *Gibson* specifically hold that such a ruling is *not* reviewable after a jury trial and verdict. Accordingly, we will continue to follow our clear holdings in those cases.

¶14. It is also true, as FCS notes in its reply brief, that some federal courts of appeals have recognized an exception to this rule and "will review purely legal issues decided on summary judgment" even after a jury trial and verdict. *Blessey Marine Servs. Inc. v. Jeffboat LLC*, 771 F.3d 894, 897 (5th Cir. 2014) (declining to recognize such an exception and refusing to review a pretrial denial of summary judgment after a jury trial and verdict). FCS urges us to recognize such an exception and apply it here. However, the summary judgment motion in this case did not turn on "purely legal issues"; rather, FCS argued that there was no genuine issue of material fact regarding Collins's obligation to pay her hospital bill in full. Therefore, even if we were to recognize such an exception, it would not apply here.

¶15. Finally, we note that even if the denial of FCS's summary judgment motion were somehow reviewable on appeal, the motion was properly denied because it was not filed and noticed for a hearing in a timely fashion. "All dispositive motions shall be deemed abandoned unless heard at least ten days prior to trial." URCCC 4.03(5). Furthermore, a motion for summary judgment must "be served at least ten days before the time fixed for hearing." M.R.C.P. 56(c). FCS filed its motion only three days prior to trial and noticed a hearing for the morning of trial, and the certificate of service reflects that the motion was mailed to Collins's counsel only seven days prior to the hearing.[1]

_____

[1] On appeal, FCS states that its summary judgment motion was filed late because Collins failed to provide timely responses to discovery requests. If Collins failed to meet her

6

¶16. In summary, FCS's argument that the circuit court should have granted its pretrial motion for summary judgment is not reviewable on appeal now that there has been a jury trial and a judgment entered on the jury's verdict. Therefore, we affirm the judgment of the circuit court.

¶17. **THE JUDGMENT OF THE CIRCUIT COURT OF SMITH COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR AND GREENLEE, JJ., CONCUR. JAMES, J., DISSENTS WITH SEPARATE WRITTEN OPINION. BARNES, J., NOT PARTICIPATING.**

**JAMES, J., DISSENTING:**

¶18. Because the circuit court erred in denying the motion for summary judgment, I respectfully dissent. Since FCS demonstrated that there was no genuine issue as to any material fact, I would vacate the judgment based on the jury's award and reverse the trial court's denial of summary judgment. I would render judgment in favor of FCS for $950 and remand the issue of attorney's fees to the trial court to be assessed pursuant to Mississippi Code Annotated section 11-53-81 (Rev. 2012).

¶19. After its appeal to circuit court, FCS responded to Collins by propounding discovery and filing a motion for summary judgment.[2] In its motion, FCS relied on the discovery

discovery obligations, FCS should have filed a motion to compel. One party's failure to provide timely discovery responses does not give an opposing party the right to ignore deadlines for filing dispositive motions.

[2] Mississippi Rule of Civil Procedure 56(c) requires that a motion for summary judgment be "*served* at least ten days before the time fixed for hearing." (Emphasis added). While we recognize that FCS served its motion only seven days before the summary-judgment hearing, which was scheduled for the morning of the trial, contrary to the

responses in the case, two affidavits, and Collins's medical records. Regarding the counterclaim for harassment, FCS noted that Collins submitted the recordings of only two phone calls with FCS. In his affidavit, Mark James, vice president of technology for FCS, confirmed that the two calls submitted by Collins were the only calls between Collins and FCS. According to James, FCS initiated the first call to Collins on April 8, 2013, and Collins initiated the second call on April 9, 2013. At the summary-judgment hearing, the judge stated, "I don't hear any harassment there unless [Collins's attorney] has got something else," referring to the recordings of the calls presented by FCS. Collins's attorney replied, "No, sir, I don't, Judge." Further, Collins did not offer any proof of her alleged injuries other than references to the medical statement concerning her October 11 treatment—the same treatment that Collins argued was not fully administered to her by the hospital.

¶20. Concerning the medical bills, FCS argued that the proof that the medical bills were incurred was prima facie evidence under Mississippi Code Annotated section 41-9-119 (Rev. 2013) of their necessity and reasonableness. FCS also pointed to Collins's discovery responses. Collins admitted the amount of the indebtedness. Collins's response to Interrogatory 16, which asked Collins to substantiate her claims of damage, stated, "ANSWER: MEDICAL EXPENSES Magee General Hospital (10/11/12) $950.00 - TOTAL." Additionally, Collins relied on the medical bills as evidence of the treatment she

---

majority's finding, this issue was not properly preserved for appeal. *See Hyundai Motor Am. v. Applewhite*, 53 So. 3d 749, 755 (¶17) (Miss. 2011) ("[F]ailure to make a contemporaneous objection . . . waives the issue on appeal."). Further, according to FCS, FCS served its motion for summary judgment one day after it received Collins's answers to interrogatories and requests for production, which were served on FCS thirty-one days past the deadlines detailed in Rules 33 and 34. M.R.C.P. 33(b)(3), 34(b).

8

received for injuries that supported her claim. In response to Interrogatory 7, which asked Collins to "fully describe the precise injury or injuries which you alleged you suffered" and "fully identify the treatment you received," Collins answered, "See copy of medical bills and statement from Magee General Hospital attached to the response to request for production of documents. Dates [sic] of service October 11, 2012."

¶21. While Collins did deny that she owed the $950 in medical bills in response to the Request for Admission 12, she neither provided the names of persons who would support her claims nor demonstrated how she would support her claims otherwise. Collins's response to Interrogatory 13, which asked her to list the experts she expected to call at trial, listed three physicians who—presumably—treated Collins on October 11, 2012. The response to Interrogatory 13 claimed that the doctors would "further testify as to all charges and as to whether those charges were reasonable and necessary for the treatment of the injuries as a result of the accident." While the doctors were "expected to testify as to all dates of treatment and what occurred during said dates" as well as "to testify as to what treatment was rendered on each date of treatment," there was no indication that the doctors would testify that the charges were not rendered to Collins. Moreover, it was not alleged that the doctors would testify that the charges were unreasonable and unnecessary.

¶22. Also, FCS supported its claim of attorney's fees with an affidavit. Through the affidavit, FCS alleged that thirty-three and one-third percent of the unpaid principal was a reasonable fee in the surrounding legal community for debt-collection actions.

¶23. Collins's attorney improperly opposed the motion at the hearing by representing how

9

Collins would testify at trial. He claimed, "She says some of them [(the medical services)] were, and she's going to testify as to what services were rendered[,] but a lots [sic] of them were not rendered to her." Collins's attorney did not file any affidavits or reference any discovery in opposition to the summary-judgment motion.

¶24. After hearing the arguments in chambers before trial, the judge denied the motion for summary judgment. The judge did, however, limit Collins at trial to the sole issue of whether the medical services were administered by the hospital. Upon the denial of the motion, a jury trial was held, and the jury awarded FCS the sum of $233 and $0 in attorney's fees.

¶25. We review a grant or denial of a summary-judgment motion under a de novo standard of review. *Ferguson v. Miss. Farm Bureau Cas. Ins.*, 147 So. 3d 374, 377 (¶12) (Miss. Ct. App. 2014). Summary judgment "shall" be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56. Initially, the burden of proof is on the moving party to demonstrate that there is no genuine issue as to any material fact. *Ferguson*, 147 So. 3d at 377 (¶12). Next, the burden of proof shifts to the nonmoving party, who must produce specific facts that there is a genuine material issue for trial. *Id.* In reviewing a summary-judgment motion, the evidence will be considered "in the light most favorable to the nonmoving party." *Id.*

¶26. The trial court erred in denying FCS's motion for summary judgment. FCS met its burden with its motion, showing that there was no genuine issue of any material fact. Collins

failed to allege specific facts that would demonstrate a genuine material issue for trial.

¶27.    FCS established prima facie evidence that Collins's medical bills were necessary and reasonable.  Section 41-9-119 provides, "Proof that medical, hospital, and doctor bills were paid or incurred because of any illness, disease, or injury shall be prima facie evidence that such bills so paid or incurred were necessary and reasonable." Miss. Code Ann. § 41-9-119.  FCS provided the proper proof, in accordance with the statute, along with the required affidavit from the custodian. *Id*. §§ 41-9-105, -109 (detailing procedure by which records are presented sealed with a custodian's affidavit).  FCS also addressed Collins's allegations in her pleadings that she had been harassed by FCS's collection calls.

¶28.    In response, Collins's attorney merely represented what he thought Collins would testify to at trial.  Mississippi law requires a party opposing a motion for summary judgment to rebut the motion "by producing supportive evidence of significant and probative value." *Saucier ex rel. Saucier v. Biloxi Reg'l Med. Ctr.*, 708 So. 2d 1351, 1356 (¶22) (Miss. 1998).  Rule 56 provides for parties to prove "genuine issue as to any material fact" through "pleadings, depositions, answers to interrogatories and admissions on file." M.R.C.P. 56.  Further, where a party has met its burden under section 41-9-119, the opposing party "through proper evidence" may rebut the presumption—creating a fact issue for the jury. *Estate of Bolden ex rel. Bolden v. Williams*, 17 So. 3d 1069, 1072 (¶10) (Miss. 2009) (trial context).

¶29.    In opposing a motion for summary judgment, an attorney's representation as to how a client will testify is an improper rebuttal of the motion and does not demonstrate a genuine

11

issue as to any material fact. FCS had met its burden under the statute, and there was no other genuine issue as to any material fact—such as causation—alleged by Collins. Thus, the burden to demonstrate a genuine issue for trial had shifted to Collins. Collins simply did not meet her burden under Rule 56. Here, the statute provided for a presumption in favor of FCS. The medical bills had been incurred and were partially paid by Collins. Collins did not demonstrate any proof that the medical bills were not incurred at either the summary-judgment hearing or in the early-filed discovery responses. Thus, the trial court should have granted the motion for summary judgment.

¶30.    Contrary to the majority's finding that "the pretrial ruling on FCS's motion for summary judgment was rendered moot by the trial on the merits," we note that there is authority for our review of the summary-judgment motion, even after a jury verdict. *See U.S. Fid. & Guar. Co. of Miss. v. Martin*, 998 So. 2d 956, 962 (¶12) (Miss. 2008) (reviewing denial of summary-judgment motion, post-jury verdict); *Piggly Wiggly of Greenwood Inc. v. Fipps*, 809 So. 2d 722, 726 (¶16) (Miss. Ct. App. 2001) (same).

¶31.    I also disagree with the majority that *Britton* and *Gibson* control this issue. The review of the denial of the summary-judgment motions in those cases would have concerned issues of fact. *Britton v. Am. Legion Post 058*, 19 So. 3d 83, 84 (¶5) (Miss. Ct. App. 2008) (refusing to review summary-judgment motion that concerned status of party as legal entity); *Gibson v. Wright*, 870 So. 2d 1250, 1254 (¶5) (Miss. Ct. App. 2004) (refusing to review summary-judgment motion that concerned legal status of decedent in wrongful-death suit). In the case at hand, the appeal of the judge's denial of summary judgment concerned two

separate legal issues.[3] First, the judge misapplied Rule 56 by accepting the improper rebuttal of the motion. Second, the judge disregarded the statutory presumption detailed in section 41-9-119.

¶32. Because FCS demonstrated that there was no genuine issue of any material fact for trial, I respectfully dissent and would reverse the trial court's denial of the motion for summary judgment and render judgment in favor FCS for $950. I would further remand to the trial court for the assessment of reasonable attorney's fees pursuant to Mississippi Code Annotated section 11-53-81.

---

[3] *See Becker v. Tidewater Inc.*, 586 F.3d 358, 365 n.4 (5th Cir. 2009) (noting that the Ninth Circuit allows review of summary judgment after a jury trial where the issue appealed is a legal issue); *Banuelos v. Constr. Laborers' Tr. Funds for S. Cal.*, 382 F.3d 897, 902 (9th Cir. 2004) (noting the legal exception to the general rule that a court lacks authority to review summary-judgment motions after a jury verdict "where the . . . court made an error of law that, if not made, would have required the . . . court to grant the motion.").