WILSON, J.,
FOR THE COURT:
¶ 1. In this action to collect on a hospital bill, the jury awarded Franklin Collection Service Inc. (“FCS”) $233, and the circuit court entered judgment in favor of FCS on the jury’s verdict. FCS now attempts to appeal the circuit court’s pretrial denial of its motion for summary judgment, in which it sought a judgment for a greater amount ($950) plus attorneys’ fees. However, under this Court’s precedent, the pretrial ruling on FCS’s summary judgment motion was rendered moot and unappealable once the case proceeded to a jury trial and verdict. Because the only issue raised by FCS on appeal is not reviewable on appeal, we affirm the judgment of the circuit court.
FACTS AND PROCEDURAL HISTORY
¶ 2. On October 11, 2012, Gwenlyn Collins was admitted to the emergency roofn at Magee General Hospital with pain in her' left rib area. Collins received treatment at the ER and was discharged. She received a bill from the hospital for $1,030, and she paid $70 on the bill.
¶3, The $960 balance was assigned to FCS for collection, and Collins later made an additional payment of $10, reducing her indebtedness to $950. FCS subsequently filed a complaint in the Smith County Justice Court seeking recovery of the balance due. Collins filed an answer denying all allegations against her and arguing that some of the services billed to her were not administered by the hospital. On April 14, 2014, the justice court found for Collins and dismissed the case with prejudice.
¶ 4. FCS appealed to the Circuit Court of Smith County. Collins then amended her answer to assert a counterclaim against FCS for “harassing and threatening telephone calls.” Collins claimed that the phone calls had caused her embarrass *1284 ment, worry, and loss of sleep, and she demanded actual and punitive damages.
¶ 5. FCS then propounded discovery and eventually filed a motion for summary judgment addressing both its claim against Collins and Collins’s counterclaim. In its motion, FCS argued, inter alia, that it was entitled to judgment as a matter of law for the $950 in medical bills plus court costs and attorneys’ fees. Specifically, FCS argued that Collins’s discovery responses effectively admitted liability on the hospital bill.
¶ 6. FCS filed its motion for summary judgment on May 11, 2015, and noticed it for a hearing on the morning of May 14, 2015, which was the day set for trial. That morning, the trial judge asked counsel for FCS, “Why wasn’t this motion for summary judgment brought up before today? .., We’ve got a jury out there waiting to hear this trial, and all of a sudden I’m hit with a motion for summary judgment.” Counsel for FCS responded, “Judge, I can’t give any insight on that. I’m sorry.” (A different lawyer had filed the summary judgment motion.) Collins’s attorney argued that the motion should be denied because Collins would testify that she never received some of the treatments for which she was billed. The judge then denied the motion, stating, “I think we ought to go in here and try this case, let the witnesses testify, and let the jury make a decision.” The judge told counsel that in the future he should not “wait until the morning of trial to bring [a] motion for summary judgment up.”
¶ 7. The morning of trial, Collins did agree to withdraw her counterclaim. Thus, the case proceeded to trial on FCS’s claim only. At trial, Collins testified that most of the services on her hospital bill were not actually performed. The jury returned a verdict in favor of FCS for $233, the approximate charges for treatments that Collins acknowledged receiving at the hospital, less the payments she had already made on her bill. Final judgment was entered on the verdict, and FCS appealed.
DISCUSSION
¶ 8. On appeal, FCS challenges only the pretrial denial of its motion for summary judgment. Collins responds that the denial of summary judgment is unre-viewable once the case proceeds to a jury trial and verdict. Under our precedent, she is correct:
This Court has held that appeals from the denial of a motion for summary judgment are interlocutory in nature and are rendered moot by a trial on the merits. Gibson v. Wright, 870 So.2d 1250, 1254 (¶ 8) (Miss. Ct. App. 2004) (citing Black v. J.I. Case Co., 22 F.3d 568, 569-70 (5th Cir. 1994)). “[Ojnce trial begins, summary judgment motions effectively become moot.” Id. (quoting Daigle v. Liberty Life Ins. Co., 70 F.3d 394, 397 (5th Cir. 1995)).
Britton v. Am. Legion Post 058, 19 So.3d 83, 85 (¶ 7) (Miss. Ct. App. 2008); accord Gibson, 870 So.2d at 1254 (¶ 8).
¶ 9. In Black, the United States Court of Appeals for the Fifth Circuit observed:
[PJrudential concerns argue against reviewing such motions. To review the pretrial denial of a motion for summary judgment, we would have to review two different sets of evidence: the “evidence” before the district court at pretrial when it denied the motion, and the evidence presented at trial. Of course, the “evidence” presented at pretrial may well be different from the evidence presented at trial. It makes no sense whatever to reverse a judgment on the verdict where the trial evidence was sufficient merely because at summary judgment it was not. ... “The saving of time and expense is the purpose to be attained by a summary judgment in a *1285 proper case. When in due course the final trial is had on the merits it becomes the best test of the. rights of the movant. If he wins on trial he has his judgment. If he loses on a fair trial it shows that he ought not to have any judgment.”
Black, 22 F.3d at 572 (quoting Woods v. Robb, 171 F.2d 539, 541 (5th Cir. 1948)).
¶ 10. Based on our holdings in Britton and Gibson, supra, the pretrial ruling on FCS’s motion for summary judgment was rendered moot by the trial on the merits. It is not reviewable on appeal and therefore is not a basis for reversal.
¶ 11. In its reply brief, FCS cites two cases in which the denial of summary judgment was affirmed on appeal following a jury trial and suggests that these cases support its argument that we may review the summary judgment ruling in this case. In one of these cases, this Court affirmed the judgment below after rejecting arguments that the circuit court erred by denying a summary judgment motion, a motion for a directed verdict, and a motion for a judgment notwithstanding the verdict (JNOV). Piggly Wiggly of Greenwood, Inc. v. Fipps, 809 So.2d 722, 724 (¶ 1) (Miss. Ct. App. 2001). Although this Court mentioned and discussed the standards of review applicable to each of the challenged rulings, the Court affirmed the final judgment without discussing whether all three rulings were reviewable on appeal. See generally id. In addition, the opinion simply discusses “the evidence” and “conflicting testimony” presented without specifying whether such evidence was presented at the summary judgment stage or at trial. See id. at 726 (¶ 13). Thus, the reviewability of the pretrial summary judgment ruling was never discussed and made no difference to the outcome of the appeal.
¶ 12. The other case was an insurance coverage dispute in which the trial judge denied the insurer’s pretrial motion for summary judgment because he concluded that the relevant policy provisions were ambiguous. USF & G Co. of Miss. v. Martin, 998 So.2d 956, 960 (¶4) (Miss. 2008). After trial, the judge denied the insurer’s motion for JNOV, which challenged the sufficiency of the insured’s proof of the cause and amount of her damages. Id. at (¶¶ 6-7). On appeal, the Mississippi Supreme Court reviewed both rulings. Id. at 960-67 (¶¶ 9-33). Although the Court did not discuss the issue, review of a pretrial summary judgment ruling may be appropriate in a contract case because the question whether a contract is ambiguous is always a question of law for the court, whereas the jury determines the meaning of ambiguous provisions. See Miss. Transp. Comm’n v. Ronald Adams Contractor, Inc., 753 So.2d 1077, 1086 (¶ 26) (Miss. 2000); A & F Props., LLC v. Lake Caroline, Inc., 775 So.2d 1276, 1279 (¶ 6) (Miss. Ct. App. 2000). Moreover, as in Piggly Wiggly, supra, the revieweability of the pretrial summary judgment ruling made no difference to the outcome of the appeal.
¶ 13. Thus, neither case cited by FCS holds that a pretrial summary judgment ruling like the one in this case is reviewable. In contrast, our decisions in Britton and Gibson specifically hold that such a ruling is not reviewable after a jury trial and verdict. Accordingly, we will continue to follow our clear holdings in those cases.
¶ 14. It is also true, as FCS notes in its reply brief, that some federal courts of appeals have recognized an exception to this rule and “will review purely legal issues decided on summary judgment” even after a jury trial and verdict. Blessey Marine Servs., Inc. v. Jeffboat, LLC, 771 F.3d 894, 897 (5th Cir. 2014) (declining to recognize such an exception and refusing to review a pretrial denial of summary judgment after a jury trial and verdict). FCS *1286 urges us to recognize such an exception and apply it here. However, the summary judgment motion in this case did not turn on “purely legal issues”; rather, FCS argued that there was no genuine issue of material fact regarding Collins’s obligation to pay her hospital bill in full. Therefore, even if we were to recognize such an exception, it would not apply here.
¶ 15, Finally, we note that even if the denial of FCS’s summary judgment motion were somehow renewable on appeal, the motion was properly denied because it was not filed and noticed for a hearing in a timely fashion. “All dispositive motions shall be deemed abandoned unless heard at least ten days prior to trial.” URCCC 4.03(5). Furthermore, a motion for summary judgment must “be served at least ten days before the time fixed for hearing.” M.R.C.P. 56(c). FCS filed its motion only three days prior to trial and noticed a hearing for the morning of trial, and the certificate of service reflects that the motion was mailed to Collins’s counsel only seven days prior to the hearing.[1]
¶ 16. In summary, FCS’s argument that the circuit court should have granted its pretrial motion for summary judgment is not reviewable on appeal now that there has been a jury' trial and a judgment entered on the jury’s verdict. Therefore, we affirm the judgment of the circuit court.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF SMITH COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR AND GREENLEE, JJ., CONCUR. JAMES, J., DISSENTS WITH SEPARATE WRITTEN OPINION. BARNES, J., NOT PARTICIPATING.

. On appeal, FCS states that its summary judgment motion was filed late because Collins failed to provide timely responses to discovery requests. If Collins failed to meet her discovery obligations» FCS should have filed a motion to compel. One party’s failure to provide timely discovery responses does not give ' an opposing party the right to ignore deadlines for filing dispositive motions.